UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-
administrators of the Estate of KENNY LAZO,

                Plaintiffs,                        ORDER

    -against-                                    CV 09-1023 (TCP)(ETB)

COUNTY OF SUFFOLK, SUFFOLK POLICE
DEPARTMENT, POLICE COMMISSIONER
RICHARD DORMER, in his individual and
official capacity, POLICE OFFICER JOHN
NEWTON, in his individual and official capacity,
POLICE OFFER JAMES SCIMONE, in his
individual and official capacity, POLICE
OFFICER WILLIAM JUDGE, in his individual
and official capacity, POLICE OFFICER
CHRISTOPHER TALT, in his individual and
official capacity, POLICE OFFICER LINK, in
his individual and official capacity, COUNTY OF
SUFFOLK OFFICE OF DISTRICT ATTORNEY,
SUFFOLK COUNTY DISTRICT ATTORNEY
THOMAS SPOTA, in his individual and official
capacity, ASST. DISTRICT ATTORNEY JOHN
B. COLLINS, in his individual and official
capacity, and "JOHN AND JANE DOES 1-10"
representing as yet unknown and unidentified
members of the Office of the Suffolk County
District Attorney (all in their individual and
official capacities as employees of the Office of
Suffolk County District Attorney),

                Defendants.
---------------------------------------------------------------------------X

      By letter motion dated October 3, 2011, the County of Suffolk (the "County") moves to

quash two deposition notices directed to the Suffolk County District Attorney, Thomas Spota,

and the Suffolk County Police Commissioner, Richard Dormer. The plaintiffs, Patricia Gonzalez

-1-

and Jennifer Gonzalez, the co-administrators of the Estate of Kenny Lazo, oppose the County's application.

This action arises out of a vehicle stop of the decedent, Kenny Lazo ("Lazo"), on April 12, 2008, by officers of the Suffolk County Police Department, during which it is alleged that the individual defendant officers used excessive and deadly force upon Lazo, ultimately resulting in his death. (Am. Compl. ¶¶ 28-36.) Plaintiffs commenced this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, asserting claims for false arrest, excessive force, municipal liability, conspiracy, failure to intervene, abuse of process, deprivation of Lazo's due process and equal protection rights, negligence, wrongful death, and battery.

Recently, plaintiffs served the County with deposition notices for Assistant Suffolk County District Attorney John B. Collins ("Collins"), Suffolk County District Attorney Thomas Spota ("Spota") and Suffolk County Police Commissioner Richard Dormer ("Dormer"). The County does not challenge the deposition notice served with respect to Collins. (Def. Letter Mot. 1.) However, the County seeks to quash the deposition notices directed to Spota and Dormer on the grounds that they are high-ranking government officials who have no personal knowledge of the events giving rise to this action.

In general, depositions of high-ranking government officials are not permitted. See Ebbert v. Nassau County, No. CV 05-5445, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007) (citing Marisol A. v. Guiliani, No. 95-CV-10533, 1998 WL 132810, at *3 (S.D.N.Y. Mar. 23, 1998)) (additional citation omitted); Murray v. County of Suffolk, 212 F.R.D. 108, 109 (E.D.N.Y. 2002). "The policy surrounding this privilege is to allow the function and flow of government to proceed unabated." Ebbert, 2007 WL 674725, at *4 (citing Capitol Vending Co.

v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964)) (additional citation omitted).

However, such depositions may be had upon a showing that: "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." Toussie v. County of Suffolk, No. CV 05-1814, 2006 WL 1982687, at *1 (E.D.N.Y. July 13, 2006) (quoting Marisol A., 1998 WL 132810, at *2). Depositions of high-ranking government officials should only be permitted "if that official has unique personal knowledge that cannot be obtained elsewhere." Toussie, 2006 WL 1982687, at *1 (citation omitted). "[T]he burden a deposition would place on a high ranking government official must be given 'special scrutiny.'" Ebbert, 2007 WL 674725, at *5 (quoting Marisol A., 1998 WL 132810, at *2) (additional citation omitted).

The County asserts that neither Spota nor Dormer has any "unique personal knowledge" of the events surrounding Lazo's death that would warrant subjecting them to depositions by plaintiffs. With respect to Spota, the County attaches to its letter motion an affidavit from Spota stating that he delegated the investigation concerning Lazo's death to the "Homicide Bureau" of the District Attorney's Office. (Def. Letter Mot., Ex. A ¶ 3.) According to the County, any information that plaintiffs seek can be obtained from Collins, the Assistant District Attorney who conducted the investigation, and whose deposition the County does not challenge. The County submits a similar affidavit from Dormer, stating that he too delegated the investigation of Lazo's death - in his case, to the Homicide Squad of the Suffolk County Police Department's Third Precinct. (Def. Letter Mot., Ex. B ¶ 5.) Accordingly, the County asserts that the information plaintiffs seek from Dormer can also be obtained elsewhere.

In response to the County's letter motion, plaintiffs argue that Spota and Dormer do indeed have personal knowledge of the events surrounding Lazo's death.  Specifically, plaintiffs assert that only Spota can provide the information they seek regarding County policies, patterns and practices, which plaintiffs assert is necessary to establish their municipal liability claim.  (Pl. Opp'n 2.)  With respect to Dormer, plaintiffs argue that only he can provide the information plaintiffs seek concerning police department policy, training and supervision as he is the "authority" on such policies.  (Pl. Opp'n 3.)

The Court finds the County's letter motion to be premature at this time since discovery has yet to be completed.  If plaintiffs are unable to obtain the information they seek from other sources and still wish to depose Spota and Dormer after all fact discovery has been completed, the County may renew its request to have the deposition notices quashed.  Accordingly, the County's motion to quash is denied without prejudice to renewal upon the completion of all fact discovery.

**SO ORDERED:**

Dated: Central Islip, New York
       November 10, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge