UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-
administrators of the Estate of Kenny Lazo,

                Plaintiffs,

    -against-                            Case No. 2:09-cv-1023 (ST)

COUNTY OF SUFFOLK, et al,

                Defendants.

----------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANTS SPOTA AND COLLINS IN REPLY TO PLAINTIFFS' OPPOSITION TO SAID DEFENDANTS' MOTION FOR PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

### PRELIMINARY STATEMENT

This civil rights action arising out of the April 13, 2008 death of Kenny Lazo while

in the custody of the Suffolk County Police Department has been pending since March 12,

2009. (Docket Entry ["DE"] 1.) After almost 10 years of litigation—including a three and

one-half year period during which the case was administratively closed (Electronic Order

dated 04/08/2015; DE 65 and 66)—on February 6, 2019, the Court, by Judge Seybert,

granted the motion for summary judgment of Defendants Spota and Collins on the ground

of prosecutorial immunity and dismissed all claims against each of them with prejudice. (DE 72.)

In her oral ruling, Judge Seybert specifically found that Spota and Collins "performed their advocacy role before the grand jury in a reasonable manner." (Transcript of February 6, 2019 Hearing, attached to Plaintiff's Memorandum of Law in Opposition to Defendants Spota's and Collins's Motion for a Final Judgment ["Pl's Resp. Memo"] as Exhibit A ["Pl's Ex. A"] at 3:24–4:1.) The Court "note[d] that plaintiffs conceded this [ruling] was likely, in their 2014 response to the prior motion [for summary judgment], found at docket entry 61."[1] (*Id.* at 5:14-16.) Moreover, Judge Seybert directly rejected Plaintiffs' argument that Spota and Collins were "corrupt investigators seeking to participate in a cover-up with the police," stating "[t]he court does not find this to be the case." (*Id.* at 5:19-21.) Accordingly, the Court found that the actions of Spota and Collins in "speaking to investigators, interviewing witnesses, and taking stock of available evidence" in preparation for the presentation of the homicide case to the grand jury were protected by absolute immunity. (*Id.* at 6:8-15.) In the alternative, the Court found Spota and Collins would be protected by qualified immunity, observing that Plaintiffs'

---

[1] In their Reply Memorandum of Law for their motion for summary judgment, Spota and Collins pointed out that although Plaintiffs had admitted that Collins was entitled to "absolutely immunity for his prosecutory actions before the Grand Jury" in response to the motion for summary judgment Spota and Collins filed before the case was administratively closed (DE 61 at 1), Plaintiffs did not make a similar admission in response to the motion for summary judgment that Judge Seybert ultimately granted. (DE 71 at 3.) Furthermore, Plaintiffs did not explain in their response to the first motion for summary judgment why they believed Spota was not also entitled to absolute immunity. (*Id.* at 3, n.5.)

2

speculation that Spota and Collins engaged in a cover-up with the police was not actual evidence and was insufficient to defeat summary judgment. (*Id.* at 8:7–9:13.) Plaintiffs did not make a motion for reconsideration of the decision to grant Spota and Collins summary judgment.[2]   Moreover, although there was some discussion about whether Plaintiffs would request a certificate of appeal immediately following the Court's grant of summary judgment (Pl's Ex. A at pp. 13–18), Plaintiffs did not bring a motion pursuant to Rule 54(b).

Two and one-half years after Judge Seybert granted summary judgment to Spota and Collins on all claims against them on the purely legal ground of absolute immunity and/or qualified immunity, and 12½ years after this suit was initially brought, the remaining claims against the remaining parties do not appear to be closer to resolution. This matter was recently further delayed by Plaintiffs' need to retain a new expert pathologist. (DE 87.) As of this writing, there is no scheduled trial date. (101.) In spite of the fact that they are both immune from suit, Plaintiffs have identified Spota and Collins

---

[2] At page 6 of their response memorandum of law Plaintiffs suggest that "after seeing the full record in this case, and hearing the testimony of the involved officers, and Spota and Collins, [this Court or the Second Circuit] may well feel that justice requires a reconsideration of this decision." Judge Seybert had the full record in this case, and the Court found that Spota and Collins were immune from suit as a matter of law and Plaintiffs had presented no evidence to persuade the Court otherwise.  As counsel for Spota and Collins pointed out in his September 5, 2021, letter to the Court (DE 98), the time for reconsideration of Judge Seybert's February 6, 2019 decision has long expired, whether the motion is brought pursuant to Local Civil Rule 6.3 (14 days), Fed. R. Civ. P. 59(e) (28 days), or Fed. R. Civ. P. 60(b) (one year).  In any event, Plaintiffs do not identify any evidence that was unavailable at the time of summary judgment that would have required a different result.

in the Pre-Trial Order as fact witnesses, calling them "former Defendant[s] in this matter."[3]
(DE 81 at 3.)   Against this backdrop, Spota and Collins brought this motion pursuant to
Rule 54(b) of the Federal Rules of Civil Procedure for an order directing entry of partial
final judgment in their favor.  They submit this memorandum of law in reply to Plaintiffs'
memorandum of law opposing the motion and in further support of their motion.

## ARGUMENT

### PLAINTIFFS HAVE NOT COUNTERED THE ARGUMENT OF SPOTA AND COLLINS THAT THERE IS NO JUST REASON FOR DELAY IN ENTERING PARTIAL FINAL JUDGMENT IN FAVOR OF THESE TWO DEFENDANTS

Plaintiffs make two points:  (1) partial final judgment in favor of Spota and Collins
is improper because, even though the bar of immunity is an issue distinct from the claims
against the remaining Defendants, the substantive claims against the two prosecutors "arise
from the same core nucleus of facts and circumstances as the remaining claims" (Pl's Resp.
Memo at 5), and (2) Spota and Collins have failed to show sufficient hardship to justify an
order pursuant to Rule 54(b).  Plaintiffs have cited to no case law in support of the
proposition that partial final judgment is never proper under circumstances where claims

---

[3] In contrast, plaintiffs have identified Richard Dormer in the pre-trial order as a non-party
witness in this matter even though he was a former defendant in this matter (DE at 4). It is clear
non-party witnesses are treated differently than party witnesses. *See*, Fed. R. Evid. 615. See also,
Fed. R. Evid. 611(c) and 801(d)(2).

against a dismissed set of defendants arise out of the same circumstances as claims against other defendants.

Moreover, Plaintiffs do not address all of the cases cited by Spota and Collins in which a Rule 54(b) order was entered where the dismissed claims were decided on purely legal grounds, as is the situation here. *Richardson v. City of Providence by and Through Lombardi*, No. CV 18-253, 2018 WL 5619719 (D.R.I. Oct. 30, 2018), a case in which the plaintiff sued the State of Rhode Island, the City of Providence, a Providence Police Officer, and several John Does for malicious prosecution and unlawful detention without probable cause, cited at page 4 of Defendants' initial memorandum of law, was particularly worthy of comment. In that case, as here, the court granted the State's motion to dismiss on grounds of prosecutorial immunity and then entered partial final judgment in favor of the State, observing that the State's Motion was based on legal arguments unique to the State and not applicable to the remaining defendants. 2018 WL 5619719, at *4. Plaintiffs attempt to distinguish *Mcdonough v. Smith*, No. 1:15-CV-01505 (MAD/DJS), 2017 WL 1901962 (N.D.N.Y. May 8, 2017), by pointing out the different procedural posture. However, that distinction completely misses the point for which the case was cited, that is, entry of partial final judgment on fabrication of evidence and malicious prosecution claims against a special district attorney was proper, since the fabrication of evidence claim was dismissed on statute of limitations grounds and the malicious prosecution claim was dismissed on absolute prosecutorial immunity grounds, which holdings were completely unrelated to unresolved claims of conspiracy to commit malicious prosecution against other

5

defendants. *Mcdonough*, 2017 WL 1901962, at *2. No development of evidence would change those conclusions. Furthermore, Plaintiffs have not cited to a single case in the Second Circuit or elsewhere in which the Rule 54(b) motion of a prosecutor dismissed on absolute immunity grounds was denied because the claims against the prosecutor arose under circumstances related to claims against other government defendants.

While Plaintiffs recite boilerplate law regarding Rule 54(b),[4] they make no effort to show how partial final judgment in favor of Spota and Collins will interfere with Plaintiffs' ability to prosecute their remaining claims against the County and the individual police officers. If their testimony is relevant, Spota and Collins can be examined like any third-party witnesses; they do not need to be parties to this litigation. The fact that Plaintiffs purport to state a municipal liability claim against the County for the alleged practices of the District Attorney's office (*see* Pl's Resp. Memo at 5–6) does not require that Spota and Collins remain defendants in their individual capacities.

To the extent that a showing of some hardship is necessary to issuance of a Rule 54(b) order, Spota and Collins have satisfied that requirement. Plaintiffs have indicated in their response memorandum of law a clear intent to revisit the issue of absolute immunity. Absolute immunity, however, is solely a legal issue. A prosecutor is immune from suit for

---

[4] Not all of Plaintiffs' legal assertions are properly cited. For example, at page 4 of Plaintiff's response memorandum of law, Plaintiff ascribes the following quote to *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011): "This rule is strictly applied because it helps avoid having piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." Whether or not that is a quote from an actual case, it is not a quote from anywhere in *Novick*.

advocacy functions and for administrative functions "directly connected with the conduct of a trial," *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009), even if his "action was in error, was done maliciously, or was in excess of his authority[, as long as the] . . . action was [not] manifestly or palpably beyond his authority." *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006). In spite of a vigorous motion for summary judgment and response,[5] Plaintiffs continue to be unable to point to any evidence in the record to suggest that Spota and Collins are not immune from suit.

The hardship to Spota and Collins goes beyond mere lack of lack of finality outlined in their initial memorandum of law. The lack of a partial final judgment means that for 12½ years and counting, they have been required to be prepared to defend themselves in a suit for which there is no legally cognizable theory of liability. The fact that both were themselves professional litigators[6] does not excuse the continuation of an unfounded lawsuit against them. Although Spota and Collins should be confident that the claims against them can never be revived based on the well-established case law, Plaintiffs'

---

[5] Plaintiff's Local Rule 56.1(b) Statement was 26 pages long and purported to dispute 13 of Defendants' statements of fact and added 119 new facts *without pointing to any specific evidence supporting the assertions*. (DE 61-1.) Plaintiffs' counsel has been admonished about this disregard for Local Rule 56.1(b) in a previous matter before this Court. *See Sargent v. County of Nassau*, Civ. Act. No. 04-4274 (DRH)(AKT), 2007 WL 778437, at *1 n.1 (E.D.N.Y. Mar. 13, 2007). Nonetheless, Judge Seybert gave Plaintiffs' massive response a fair read before concluding it cited to no evidence supporting Plaintiffs' position.

[6] At page 7 of their response memorandum of law, Plaintiffs refer to Spota as "a seasoned litigator" and call Collins "a senior law enforcement official." As Plaintiffs are aware, at the time of the events that are the basis for this lawsuit, Collins was an assistant district attorney, and he later became a judge. In the United States, neither position is a law enforcement position, senior or otherwise.

identification of Spota and Collins in the Pre-Trial Order as "former Defendant[s] in this matter" (DE 81 at 3) lends uncertainty as to just what their status is.  Issuance of a partial final judgment in their favor will clarify their status.

## CONCLUSION

For the foregoing reasons and for the reasons stated in the memorandum of law of Spota and Collins in support of their motion for partial final judgment pursuant to Rule 54(b), the Court should grant the Motion of Defendants Spota and Collins for an order pursuant to Rule 54(b) authorizing entry of partial final judgment in their favor on all claims against them.

Dated: Nesconset, New York   Respectfully submitted,
   October 27, 2021

        O'BRIEN & O'BRIEN

        By: _____
        Stephen L. O'Brien, Esquire  (SLO 3153)
        Attorney for Defendants Spota and Collins
        168 Smithtown Boulevard
        Nesconset, New York  11767
        (631) 265-6660

To: Frederick K. Brewington, Esquire
  Law Offices of Frederick K. Brewington
  556 Peninsula Boulevard
  Hempstead, New York 11550

  Brian C. Mitchell, Esquire
  County Attorney
  Suffolk County Department of Law
  100 Veterans Memorial Highway
  Post Office Box 6100
  Hauppauge, New York 11788

8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**   Case No.: 2:09-cv-1023 (ST)

---

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-
administrators of the Estate of Kenny Lazo,

                                        Plaintiffs,

   -against-

COUNTY OF SUFFOLK, *et al.*,

                    Defendants.

---

## MEMORANDUM OF LAW OF DEFENDANTS SPOTA AND COLLINS IN REPLY TO PLAINTIFFS' OPPOSITION TO SAID DEFENDANTS' MOTION FOR PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

---

O'BRIEN & O'BRIEN, LLP

*Attorneys for Defendants, Spota and Collins*

168 Smithtown Blvd
Nesconset NY 11767
(631) 265-6660