**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-administrators
of the Estate of KENNY LAZO,

                           Plaintiffs,

     -against-                                      **MEMORANDUM AND ORDER**

                                                                            09-CV-1023 (ST)

COUNTY OF SUFFOLK, SUFFOLK POLICE
DEPARTMENT, POLICE COMMISSIONER
RICHARD DORMER, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, POLICE OFFICER JOHN NEWTON, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY, POLICE
OFFICER JAMES SCIMONE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, POLICE OFFICER WILLIAM
JUDGE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER CHRISTOPHER TALT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, POLICE OFFICER
JOSEPH LINK, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, COUNTY OF SUFFOLK OFFICE OF
DISTRICT ATTORNEY, SUFFOLK COUNTY
DISTRICT ATTORNEY THOMAS SPOT A, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, ASST. DISTRICT
ATTORNEY JOHN B. COLLINS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, AND "JOHN AND JANE DOES
1-1 O" REPRESENTING AS YET UNKNOWN AND UNIDENTIFIED
MEMBERS OF THE OFFICE OF THE SUFFOLK COUNTY DISTRICT
ATTORNEY ( ALL IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES AS EMPLOYEES OF THE OFFICE OF SUFFOLK
COUNTY DISTRICT ATTORNEY),

                            Defendants,

-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Plaintiffs Patricia Gonzalez and Jennifer Gonzalez (collectively, "Plaintiffs"),

individually and as co-administrators of the estate of Kenny Lazo, commenced this action

alleging false arrest, excessive use of force, municipal liability, deprivation of due process rights,

1

failure to intervene, abuse of process, and pendente state law claims including wrongful death, negligence, assault and battery.  Plaintiffs bring this action against County of Suffolk; Suffolk County Police Department; Police Commissioner Richard Dormer ("Dormer"), in his individual and official capacity; Police Officers John Newton ("Newton"), James Scimone ("Scimone"), William Judge ("Judeg"), Christopher Talt ("Talt"), Joseph Link ("Link") (collectively, "Police Officers") – in their individual and official capacities; Suffolk County District Attorney's Office; Suffolk County District Attorney Thomas Spota ("Spota"), and Assistant District Attorney John B. Collins ("Collins") – in their individual and official capacities; and "John And Jane Does 1-10" members of the Suffolk County District Attorney's Office.

The Honorable Joanna Seybert granted a summary judgment in favor of Defendants Spota and Collins on grounds of absolute prosecutorial immunity.  Now before this Court is Defendants Spota and Collins' Motion to enter a partial final judgment pursuant to Federal Rules of Civil Procedure ("FRCP") 54(b).

For the reasons stated below, this Court GRANTS Defendants Spota and Collins' Motion for a partial final judgment.

**I.   BACKGROUND**

This is a civil rights action arising out of the death of Kenny Lazo ("Lazo") while in the custody of the Suffolk County Police Department in April 2008.  *See* FAC at 9-10.  Lazo, a Hispanic male individual, was born on December 30, 1983.  *Id.* ¶ 12.  Plaintiff Patricia Gonzales, as Lazo's mother, and Plaintiff Jennifer Gonzales, as mother and guardian of Lazo's child, collectively bring this action as co-administrators of Lazo's estate.  *Id*. ¶¶ 13-15.

Plaintiffs allege that Lazo was wrongfully arrested during a traffic stop that led to his brutal beating and eventual death while in police custody.  *Id*. ¶¶ 29-30.  Specifically, Plaintiffs

2

allege that Defendants Suffolk County, Suffolk Police Department and its Police Officers caused Lazo's death by, *inter alia*, wrongfully arresting, assaulting, using excessive force against him, and failing to take him to the hospital for medical evaluation afterwards. *Id*. at 13-14. As to Defendants Suffolk County District Attorneys Spota and Collins, Plaintiffs argue that Spota and Collins failed to properly investigate and present their case against the Police Officers before the grand jury. *Id*. at 19, 23, 26. Plaintiffs' Amended Complaint also sets forth municipal liability claims against Defendants Suffolk County and Suffolk County District Attorney's Office. *Id*. at 15.

Plaintiffs commenced this action in March 2009. DE 1. Defendants Spota and Collins initially filed a motion for summary judgment on all claims against them on November 17, 2014. DE 59, 60, and 61. However, this case was administratively closed on April 8, 2015. *See* Order dated Apr. 8, 2015. More than three years later, upon Plaintiffs' motion, the Court reopened the case on December 11, 2018. DE 65 and 66. Spota and Collins promptly filed an updated motion for summary judgment on December 24, 2018. DE 67, 70, and 71.

On February 6, 2019, the Court granted Spota's and Collins's motion for summary judgment on grounds of prosecutorial immunity and dismissed all claims against them with prejudice. DE 72; Pl.'s Opp., Hr'g Tr., Ex. A, DE 103. On October 27, 2021, Spota and Collins filed the instant motion for the entry of a partial final judgment in their favor pursuant to FRCP 54(b). DE 102.

## II.   LEGAL STANDARD

Rule 54(b) states in relevant part:

When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines

that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). It is well settled that, "in the federal district courts, the entry of a final judgment is generally appropriate only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). The certification of a final judgment pursuant to Rule 54(b) is a "permissive, not mandatory, mechanism." *Crespo v. Carvajal*, No. 17-CV-6329 (MKB) (PK), 17-CV-6329 (MKB) (PK), 2021 WL 4237002 at 2 (E.D.N.Y. Sept 14, 2021). The Second Circuit has instructed district courts that Rule 54(b) relief should be used "sparingly". *Alix v. McKinsey & Co., Inc.*, 470 F. Supp. 3d 310, 317-18 (S.D.N.Y. 2020).

Rule 54(b) "authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018).

Here, Defendants Spota and Collins satisfy the first two Rule 54(b) requirements, as there are multiple claims and parties, and all the claims against them have been finally determined. Thus, the availability of Rule 54(b) certification turns on whether there is no just reason for delay.

### III. DISCUSSION

To determine whether there is no just reason for delay, the courts consider two principles: (i) judicial administrative interests so as to maintain efficiency and avoid piecemeal appeals on interrelated issues, and (ii) the equities involved, specifically whether "postponing appeal until

4

after a final judgment ... will cause unusual hardship or work an injustice." *See Novick*, 642 F.3d at 310; *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992); *Pearson Educ., Inc. v. Heliosbooks, Inc.*, No. 17-CV-203 (KMW), 2022 WL 970454, at 2 (S.D.N.Y. Mar. 31, 2022); *Crespo*, 2021 WL 4237002, at 4; *Lankier Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055 (RWS), 2004 WL 541842, at 4 (S.D.N.Y. Mar. 19, 2004), aff'd, 125 F. App'x 371 (2d Cir. 2005) (summary order). A court must "provide a reasoned, even if brief, explanation of its considerations" and "must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick*, 642 F.3d at 310 (internal quotation marks omitted).

### A. Judicial Interests and Equity Warrant the Entry of a Partial Final Judgment in Favor of Defendants Spota and Collins

Defendants Spota and Collins request for a partial final judgment based on the dismissal of all claims against them in the summary judgment decision. Plaintiffs oppose. Pl.'s Opp. at 6.

Generally, "Courts 'should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues twice.'" *Richardson v. City of N.Y.*, No. 04 Civ. 05314, 2007 WL 1732424, 1 (S.D.N.Y. June 14, 2007) (quoting *Ginett*, 962 F.2d at 1095). "District courts within the Second Circuit have refused to reflexively enter partial judgment whenever dismissing claims against one party on immunity grounds." *Jennifer Jorgensen v. County of Suffolk et. al.*, 11-CV-02588 (HG) (AYS), 2022 WL 4468231 at 3 (E.D.N.Y. Sept. 26, 2022). They have instead inquired whether accelerating the appeal process for the immune defendant would leave behind, in the district court, claims that "would involve many of the same law and facts." *Pierce v. City of New York*, No. 16-cv-5703, 2018 WL 679459, at 2 (E.D.N.Y.

5

Feb. 1, 2018); *see also Baumgarten v. Suffolk Cnty.*, No. 12-cv-171, 2014 WL 4175793, at 4 (E.D.N.Y. Aug. 19, 2014) (claims against immune town attorney not reduced to partial judgment because of the "overlap in allegations" with claims against un-dismissed defendants). Placing those claims on two separate tracks could lead to the "extremely inefficient outcome" of having "two separate appeals before two different panels based on the same set of facts." *Pierce*, 2018 WL 679459, at 2.

However, a partial judgment in favor of the immune defendants has been warranted when the claims against them have been based on "factual allegations" that are "separable and extricable" from the remaining defendants. *Rivers v. Dagnello*, No. 99-cv-2774, 2000 WL 798631, at 2 (S.D.N.Y. June 20, 2000) (ordering partial judgment in favor of state court judge); *Barboza v. Village of Liberty*, 13-CV-4067 (CS), 2016 WL 8653502 (S.D.N.Y. Jan. 21, 2016) (ordering partial judgment in favor of immune police officers because their claims were "easily separable" from those of the Village/ County). Partial judgment becomes more advisable when there is sufficient time left in the district court litigation for the Second Circuit to consider the issue of immunity before trial. *Capone v. Patchogue-Medford Union Free Sch. Dist.*, No. 04-cv-2947, 2007 WL 9723874, at 2 (E.D.N.Y. Sept. 30, 2007) (granting partial final judgment in favor of the immune defendants because that would "promote "judicial economy" and is fair to all parties in the action"); *McDonough v. Smith*, No. 15-cv-1505, 2017 WL 1901962, at 3 (N.D.N.Y. May 8, 2017). Under such circumstances, accelerated appellate reversal, if at all, of the district court's immunity ruling can save the district court from "repeat[ing] the entire process" of trial for the initially-dismissed defendants after the other defendants have already gone to trial. *Capone*, 2007 WL 9723874, at 2.

Accordingly, we consider "whether the claims under review [are] separable from the others remaining to be adjudicated." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Defendants Spota and Collins request a partial final judgment based on the dismissal of all claims against them in the summary judgment decision. Plaintiffs oppose and argue that although the issue of prosecutorial immunity is different from other claims like municipal liability pending before this Court, "these claims still arise from the same core nucleus of facts and circumstances as the remaining claims." Pl.'s Opp. at 6. Specifically, Plaintiffs argue that their municipal liability claim against Suffolk County addresses its failure to appropriately respond to an ongoing pattern of police officers' improper and excessive use of force. *Id*. The Suffolk County District Attorney's Office contributed to this pattern by failing to appropriately investigate and prosecute the Police Officers involved. *Id*. Additionally, Plaintiffs intend to present evidence of the District Attorney's Office's failure to investigate the circumstances of Lazo's death, including failure to conduct interviews of the officers, and failure to ensure that the implicated agency was not the one investigating the misconduct of its own officers. *Id*. Plaintiffs argue that the trial record will be relevant to their appeal of the Court's summary judgment decision. *Id*.

Although it may appear at first glance that the claims are inherently inseparable, the Court finds that the claims on appeal are sufficiently separable and unrelated to the claims remaining to be adjudicated against remaining Defendants. Plaintiffs' claims against the prosecutors are easily separable from the issues remaining to be tried as against the municipalities including Defendants Suffolk County and Suffolk County District Attorney's Office. Upon a review of the Amended Complaint, it is clear that Plaintiffs claim that Defendants Suffolk County, Suffolk Police Department and its Police Officers caused Lazo's

7

death by falsely arresting, using excessive force against him, depriving him of his due process rights, failing to intervene and abusing the process. *Id*. at 13-14. With regards to Defendants Spota and Collins, in their official and individual capacities, Plaintiff, however, relies on separate factual allegations to show that they engaged in abuse of process and deprived Lazo of his rights by failing to properly investigate their case against the police officers. *Id*. at 19, 23, 26. Plaintiffs' claims against Defendants Spota and Collins, as prosecutors, are separate from their claims for municipal liability against Defendant Suffolk County and District Attorney's Office. *Id*. at 15. The entitlement of the individual municipal actors to qualified immunity is irrelevant to the liability of the municipality. *See Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013). Qualified immunity is a defense available only to individuals sued in their "individual capacity." *Id*. Further, if on appeal, the court could address the question of immunity sooner rather than later, we could easily join Spota and Collins as additional parties before the trial against the remaining Defendants begins. Accordingly, granting certification now would promote "judicial economy" and is fair to all parties in the action. *Capone*, 2007 WL 9723874, at 2-3.

Further, as per Judge Seybert's summary judgment decision, it is clear that Defendants Spota and Collins' "performed their advocacy role before the grand jury in a reasonable manner." DE 72; Pls.' Opp., Hr'g Tr. at 3-5, Ex. A, DE 103. More specifically, as to actions taken before the grand jury, Judge Seybert held that Defendants Spota and Collins are entitled to absolute immunity for conduct in front of the grand jury. *Id*. "In reviewing the documentary evidence, including the Rule 56.1 statements, depositions, exhibits, and grand jury minutes, the court [found] that these defendants performed their advocacy role before the grand jury in a reasonable manner. *Id*. Any delay in presenting the matter is adequately explained by the documented involvement of and communication with the US Attorneys office." *Id*. As to the

8

actions taken before the grand jury was convened, the court held that Defendants Spota and Collins' "actions [were…also] protected by absolute immunity." *Id*. "Plaintiffs attempt to paint [D]efendants [Spota and Collins] as corrupt investigators seeking to participate in a cover-up with the police. The court does not find this to be the case. In any event, a prosecutor is also entitled to immunity for actions taken in preparation for grand jury." "Alternatively, were this court to apply only qualified immunity to all of [D]efendants' [Spota and Collins] actions here, it would still find them shielded." *Id*.

      In a factually similar case, the court certified partial final judgment under FRCP 54(b) based on immunity grounds. *Barboza*, 2016 WL 8653502 at 3. In *Barboza*, the plaintiff had brought a lawsuit after he was pulled over and issued a speeding ticket against police officers, the assistant district attorneys and several others. *Id*. The court issued a bench ruling granting summary judgment for the police officers. *Id*. Following this ruling, the plaintiff filed a Rule 54(b) motion asking the Court to enter judgment against the police officers so he could file an appeal. The court issued a partial final judgment and held, *inter alia*, that that the qualified immunity inquiry is not the same for officers as it is for lawyers, and that there was no just reason to delay. *Id*.

      Further, two and one-half years after Judge Seybert granted summary judgment to Spota and Collins on all claims against them on the purely legal ground of absolute immunity and/or qualified immunity, and 12½ years after this suit was initially brought, the remaining claims against the remaining parties do not appear to be any closer to resolution. This matter was recently further delayed by Plaintiffs' need to retain a new expert pathologist. DE 87. To date, there is no scheduled trial date. DE 101. Even though the discovery is complete, but further dispositive motion practice increases the likelihood of the case not being fully resolved in the

near future.  Defendants Spota and Collins understandably seek to have their names cleared from this lawsuit, and it has already been many years since the operative events occurred.  Further delay would serve little purpose and simply perpetuate the cloud of uncertainty regarding Spota and Collins' liability despite the District Court's unequivocal dismissal of the claims against them.  As such, there is no just reason to delay the entry of partial final judgment as to Defendants Spota and Collins.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Spota and Collins' Motion for Entry of Judgment under FRCP 54(b).  The Clerk of the Court is respectfully requested to enter final judgment on the District Court's February 6, 2019 decision granting summary judgment to Defendants Spota and Collins on grounds of qualified immunity.

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated:  Central Islip, New York
        September 30, 2022