

COUNTY OF SUFFOLK

**STEVE BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. BROWN**   **DEPARTMENT OF LAW**
**ACTING COUNTY ATTORNEY**

June 22, 2023

Hon. Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:    Patricia Gonzalez and Jennifer Gonzalez v. County of Suffolk *et al*.
             09-cv-1023 (ST)

Dear Judge Tiscione,

The Suffolk County Attorney's Office represents the Suffolk County defendants in this civil rights action pursuant to 42 U.S.C. § 1983, *inter alia*. Jury selection and trial are scheduled to begin on July 24, 2023. The Suffolk County defendants now move for an Order *in limine* bifurcating the trial, precluding the use of newspaper articles and press releases as evidence, and precluding the testimony and report of purported police expert Timothy J. Longo, Sr.

In addition to claims against the individual defendants in this action, the plaintiffs have brought a <u>Monell</u> claim against the County of Suffolk. The defendants respectfully move for an order pursuant to Federal Rule of Civil Procedure 42(b) bifurcating the matter so that the claims against the individual defendants are tried first, with trial of plaintiffs' claims pursuant to *Monell v. N.Y. City of Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2010 (1978), to follow, if necessary. Bifurcation is warranted for two reasons. First, the individual defendant officers will be unfairly prejudiced if both the individual and municipal liability claims are tried together. This case involves allegations of false arrest, the use of excessive force, failure to intervene, abuse of process, negligence, wrongful death, and battery against several police officers. In a trial on municipal liability, counsel for the plaintiffs may wish to present evidence concerning prior conduct or bad acts of the named defendants that may indicate a propensity to engage in similar conduct. Such evidence, however, is generally inadmissible against law enforcement officers, and even when admissible, Rule 403 counsels emphatically in favor of their exclusion. *See, e.g., Phillips v. City of New York*, 871 F.Supp.2d 200, 203 (E.D.N.Y. 2012) (probative value of unsubstantiated complaint substantially outweighed by danger of unfair prejudice to individual defendants); *Jean-Laurent v. Hennessy*, 840 F.Supp.2d 549, 556 (E.D.N.Y. 2011) (Rule 403 balancing test weighs heavily in favor of excluding evidence of unsubstantiated prior complaints). While the evidence regarding prior conduct may arguably be admissible against defendant County

LOCATION                                        MAILING ADDRESS
H. LEE DENNISON BLDG.                 P.O. BOX 6100                                          (631) 853-4049
100 VETERANS MEMORIAL HIGHWAY   ◆   HAUPPAUGE, NY  11788-0099   ◆   TELECOPIER (631) 853-5169

of Suffolk upon the *Monell* claim, it is inadmissible and highly prejudicial as against the individual defendants. Bifurcation is appropriate to prevent the prejudice to defendant law enforcement officers presented from a jury hearing this sort of evidence while it is considering the individual claims against them. See, *e.g.*, *Phillips*, *supra*.

Second, bifurcation may well shorten trial of the case, since a verdict in favor of the individual defendants would obviate the need for trial of the claim against defendant County of Suffolk. Thus, bifurcation would also further the goal of efficiency for the Court and the parties. See *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (bifurcation was warranted where the plaintiff sought to introduce personnel files, including those of the individual defendants, as well as a history of claims of excessive force brought against the Police Department); *Daniels v. Loizzo*, 178 F.R.D. 46, 47-49 (S.D.N.Y. 1998) (bifurcating trial where plaintiff sought to introduce "similar but unrelated misconduct" evidence). Additionally, since the County is indemnifying all of the individual defendants, the plaintiffs cannot recover greater damages by prevailing upon their *Monell* claim. Thus, trial of the *Monell* claim would not be strictly necessary even if the plaintiff prevails upon his claim against the individual defendants. See, generally, *Amato*, *supra.*

Based upon the foregoing, the defendants respectfully request that the trial in the above matter be bifurcated as to the claims against the individual officers, with the claims against the County to follow if necessary. In the event the Court denies the motion to bifurcate, we respectfully request that plaintiffs be precluded, pursuant to Fed. R. Evid. 403, from introducing any evidence of prior conduct on the part of the individual defendant officers or evidence of unrelated allegations relating to any purported County custom, practice, policy, or history of discrimination.

In the proposed pretrial order, the plaintiffs listed a press release and newspaper articles among their expected exhibits. Such documents should not be admitted into evidence as they contain impermissible hearsay. To the extent that plaintiffs' expert witnesses may have relied on these documents in reaching their opinions, the documents themselves need not be admitted into evidence. The Suffolk County defendants believe that rulings relative to individual documents or testimony concerning individual documents may be better dealt with at the time of trial after it is determined whether a proper foundation has been laid for the documents. Any newspaper articles or press releases sought to be admitted by plaintiffs, however, should not be permitted to be admitted at trial pursuant to Fed. R. Evid. 801(c).

The plaintiffs also seek to introduce the expert testimony of a police expert, Mr. Longo. A review of the expert report submitted by Mr. Longo reveals that his testimony would do nothing more than offer legal conclusions that would usurp the role of the Court and jury and address matters the jury would be capable of understanding without an expert's help. Mr. Longo's report reveals that he intends to offer opinions relating to the existence of probable cause, the lawfulness of the arrest, the acceptability of the level of force used, the nature of a duty to intervene, and whether the County and Suffolk County Police Department ("SCPD") had a policy and practice of discriminatory policing, among other subjects. Accordingly, the testimony of Mr. Longo should be precluded in its entirety.

It is well settled that witnesses may not present testimony in the form of legal conclusions. *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010). This rule applies to both expert and lay witnesses, prohibiting explicit legal conclusions and any testimony that implicitly communicates a legal standard to the jury. *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992); *see*

*Breezy Point Co-op., Inc. v. Cigna Prop. & Cas. Co.*, 868 F. Supp. 33, 36 (E.D.N.Y. 1994) ("The function of informing the jury of the applicable law is reserved strictly for the court."); *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09-cv-889, 2011 WL 13254283, at *6 (E.D.N.Y. Apr. 1, 2011) ("[T]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well established that it is often deemed a basic premise or assumption of the evidence law—a kind of axiomatic principle'" (quoting *In re Initial Pub. Offering Sec. Litig.*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001)).

In *Hygh v. Jacobs*, the Second Circuit applied this rule to expert testimony about the use of force in a section 1983 case. The expert "was questioned extensively concerning [the officer's] use of force," during which he tendered conclusions the Court deemed to violate the rule prohibiting testimony regarding legal conclusions. *Id.* Specifically, the *Hygh* Court pointed to the expert's "conclusory condemnations" of the officer's actions, including that his conduct "was not 'justified under the circumstances,' not 'warranted under the circumstances,' and 'totally improper.'" *Id.* The Circuit Court found that this testimony "merely told the jury what result to reach." *Id.* (citing the Advisory Committee Note to Fed. R. Evid. 704). Nor does repeating the unsupported phrase "inconsistent with generally accepted policing practices" make Mr. Longo's report or his testimony any more admissible. Evidence regarding generally accepted police practices or policies is not relevant and is not a substitute for a constitutional standard, nor can an alleged failure to comply with generally police practices replace the Fourth Amendment Inquiry. See *Roguz v. Walsh*, 2013 WL 1498126, at *8 (D. Conn. 2013). In *Whren v. United States*, the Supreme Court concluded "that because police rules, practices, and regulations vary from place to place and from time to time, they are an unreliable gauge by which to measure the objectivity and/or reasonableness of police conduct." 517 U.S. 806, 807 (1996). Moreover, Mr. Longo's presumed interpretation and application of *Graham v. Connor*, 490 U.S. 386 (1989), to this case also intrudes upon the jury's role in fact finding and upon this Court's role in legal interpretation.

Expert testimony is likewise inadmissible when it addresses "lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). Mr. Longo's report also reveals that he intends to opine upon evidentiary issues that are the rightful province of the jury. Any conclusions that Mr. Longo might make based upon generally accepted police practices can just as easily be drawn by the jury based upon the factual evidence presented and the instructions from the Court. See *Hygh*, 961 F.2d at 365. Finally, even if admissible for some purpose under Fed. R. Evid. 702, Mr. Longo's expert testimony remains subject to Fed. R. Evid. 403, and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; see also *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses").

Dated:  Hauppauge, New York　　　　　　　Yours, etc.
　　　　June 22, 2023

　　　　　　　　　　　　　　　　　　　　　　DENNIS M. BROWN
　　　　　　　　　　　　　　　　　　　　　　ACTING SUFFOLK COUNTY ATTORNEY
　　　　　　　　　　　　　　　　By:　　_Marc A. Lindemann_
　　　　　　　　　　　　　　　　　　　　　　Marc A. Lindemann
　　　　　　　　　　　　　　　　　　　　　　Assistant County Attorney