UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-administrators
of the Estate of KENNY LAZO,

Plaintiffs,

Docket No.: CV-09-1023
(ST)

-against-

COUNTY OF SUFFOLK, SUFFOLK POLICE
DEPARTMENT, POLICE COMMISSIONER
RICHARD DORMER, in his individual and official
capacity, POLICE OFFICER JOHN NEWTON, in
his individual and official capacity, POLICE
OFFICER JAMES SCIMONE, in his individual and
official capacity, POLICE OFFICER WILLIAM
JUDGE, in his individual and official capacity,
POLICE OFFICER CHRISTOPHER TALT, in his
individual and official capacity, POLICE OFFICER
JOSEPH LINK, in his individual and official
capacity, COUNTY OF SUFFOLK OFFICE OF
DISTRICT ATTORNEY, SUFFOLK COUNTY
DISTRICT ATTORNEY THOMAS SPOTA, in his
individual and official capacity, ASST. DISTRICT
ATTORNEY JOHN B. COLLINS, in his individual
and official capacity, and "JOHN AND JANE DOES
1-10" representing as yet unknown and unidentified
members of the Office of the Suffolk County District
Attorney (all in their individual and official
capacities as employees of the Office of Suffolk
County District Attorney),

Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S FIRST REQUEST TO CHARGE

PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure.

Plaintiff provides this submission which serves to provide supplemental requests the Court to give

the following instructions to the jury, in addition to such other generally applicable instructions that

the Court may give. It is respectfully requested that during the course of this trial and at the end of

the proof in this case that counsel for the plaintiff be allowed to amend and/or supply additional Requests to Charge.

**PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO SUPPLEMENT THESE JURY INSTRUCTIONS AS TO ANY LEGAL ISSUES THE REMAIN UNADDRESSED AND/OR UPON REQUEST FOR FURTHER SUBMISSIONS AS MAY BECOME EVIDENT DURING THE PROCEEDINGS IN THIS MATTER.**

**INSTRUCTION 71-1**

**JUROR ATTENTIVENESS**

1.    Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

2.    It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

3.    I ask you to give me that same careful attention as I instruct you on the law.

**INSTRUCTION 71-2**
**ROLE OF THE COURT**

4.    You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

5.    My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

6.    On these legal matters, you must take the law as I give it to you.  If any attorney has

stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

7.     You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

8.     You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

> **_AUTHORITIES:_**
> **_United States Supreme Court:_** _The Patapso Insurance Co. v. Southgate_, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).
> **_Second Circuit:_** _Franks v. United States Lines Co._, 324 F. 2d 126 (2nd Cir. 1963).
> **_Third Circuit:_** _United States v. 564.54 Acres of Land, More or Less_, 576 F.2d 983 (3rd Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979).
> **_Fifth Circuit:_** _Shelak v. White Motor Co._, 636 F.2d 1155 (5th Cir. 1978); _Shelak v. White Motor Co._, 450 F.2d 1155 (5th Cir. 1978); _Martin v. Travelers Idemnity Co._, 450 F.2d 542 (5th Cir. 1971); _Troutman v. Southern Railway Co._, 441 F.2d 586 (5th Cir.), cert. denied, 404 U.S. 871 (1971).
> **_Sixth Circuit:_** _Nolan v. Greene_, 383 F.2d 814 (6th Cir. 1967); _Tyree v. New York City Central R.R._, 382 F.2d 524 (6th Cir.), cert. denied, 389 U.S. 1014 (1967).

## INSTRUCTION 71-3
## ROLE OF THE JURY[1]

9.     As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

10.     In determining these issues, no one may invade your province or functions as jurors.

---

[1] **Adapted from the charges of Judge Weinfeld in** Mollica v. Compania Sud-America DeVaporea, Civ. 65-60 (S.D.N.Y.), and Grossman v. United Fruit Co., Civ. 45-3437 (S.D.N.Y. 1953).

In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

11.     Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

12.     I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

13.     As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### INSTRUCTION 71-10
### SYMPATHY

14.     Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your

decision.

15.     You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

> ***AUTHORITIES:***
> ***United States Supreme Court:*** *In re Murchison, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955).*
> ***Seventh Circuit:*** *Joan W. v. City of Chicago, 771 F.2d 1020 (7th Cir. 1985).*

## INSTRUCTIONS 71-12
## PUBLICITY--PRELIMINARY STATEMENT

16.     There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television.  If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what come to you in this courtroom through the rules of evidence.  So, when you leave here and go to your home and pick up th paper, if you see something about the case, you must put the paper down right away.  Do not read the article.

17.     I will also tell you to avoid listening to or watching any radio or television discussion of the case.

> ***AUTHORITIES:***
> ***First Circuit:*** *United States v. Porcaro, 648 F.2d 753 (1st Cir. 1981).*
> ***Fifth Circuit:*** *United States v. Harrelson, 754 F.2d 1153 (5th Cir. 1985).*
> ***Seventh Circuit:*** *United States v. Tropnell, 638 F.2d 1016 (7th Cir. 1980).*
> ***Ninth Circuit:*** *Los Angeles Memorial Coliseum Comm'n v. National Football League, 726 F.2d 1381 (9th Cir. 1984); United States v. Polizzi, 500 F.2d 856 (9th Cir. 1974), cert. denied, 419 U.S. 1120 (1975).*

## INSTRUCTION 71-13
## PUBLICITY--REMINDER

18.     Let me remind you once again to avoid reading about the case in the newspapers,

watching any news concerning the case on television or listening to any radio accounts of the case. Please be mindful of my admonition that you must limit the information you get about the case to what comes to you in the courtroom through the rules of evidence.

> **AUTHORITIES:**
> **Fifth Circuit:** _United States v. Williams_, 809 F.2d 1072 (5th Cir.), reh'g denied, 817 F.2d 1136 (1987); _United States v. Herring_, 568 F.2d 1099 (5th Cir. 1978).
> **Ninth Circuit:** _United States v. Polizzi_, 500 F.2d 856 (9th Cir. 1974), cert. denied, 419 U.S. 1120 (1975).

Burden of Proof Preponderance of Evidence

19.     At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

20.     The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

21.     What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

22.     What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right?

In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he or she must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of evidence.

23.     You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

Direct and Circumstantial Evidence

24.     I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

25.     Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his/her own personal knowledge by virtue of his/her own senses, what he or she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

26.     Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts.

27.     Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

28.     Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

29.     Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

30.     The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## JUDICIAL NOTICE

31.     I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching you verdict.

## STIPULATION of FACTS

32.     A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

*AUTHORITIES:*
*Sixth Circuit:* _Brown v. Tennessee Gas Pipeline Co._, 623 F.2d 450, 454 (6th Cir. 1980).
*Ninth Circuit:* _Verzosa v. Merrill Lynch, Pierce, Fenner & Smith_, 589 F.2d 974, 977 (9th

*Cir. 1978).*

# INSTRUCTION 74-13

## INTERROGATORIES

33.     You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

34.     You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

35.     In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any should be given to the interrogatory answers which have been admitted as evidence.

(If applicable: One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence against the party who gave the answer.)

*AUTHORITIES:*
*District of Columbia Circuit: Stottlemire v. Cawood, 213 F. Supp. 897 (D.D.C. 1963).*
*First Circuit: Ware v. Garvey, 139 F. Supp. 71 (D. Mass. 1956).*
*Second Circuit: Rosenthal v. Poland, 337 F. Supp. 1161, 1170 (S.D.N.Y. 1972).*
*Third Circuit: Zenith Radio Corp. v. Matsushita Electric Industrial Co., 505 F. Supp. 1190 (E.D. Pa 1980).*
*Fourth Circuit: Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 605 F.2d 1325, 1328 (4th Cir. 1979); Coca-Cola Co. v. Dixi-Cola Laboratories, 30 F. Supp. 275, 279 (D. Md. 1939).*
*Sixth Circuit: Freed v. Erie Lackawanna Railway Company, 445 F.2d 619, 621 (6th Cir. 1971), cert. denied, 404 U.S. 1017 (1972); Gridon Steele Co. v. Jones v. Laughlin Steel Corp., 361 F.2d 791, 794 (6th Cir. 1966).*

***Ninth Circuit:*** *Donovan v. Crisostomo*, 682 F.2d 869, 875 (9th Cir. 1982); *Victory Carriers, Inc. v. Stockton Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir. 1968).
***Tenth Circuit:*** *Helig v. Studebaker Corporation*, 347 F.2d 686, 689 (10th Cir. 1965).

## DEPOSITIONS

36.     Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## Credibility of Witnesses

37.     In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

38.     In considering the testimony of any witness, you may take into account:

- •   The opportunity and ability of the witness to see or hear or know the thing testified to;
- •   The witness' memory;
- •   The witness' manner while testifying;
- •   The witness' interest in the outcome of the case and any bias or prejudice he or she may have;
- •   Whether other evidence contradicted the witness' testimony;
- •   The reasonableness of the witness' testimony in light of all the evidence; and
- •   Any other factors that bear on believability.

## Action by Private Citizen Against Police Officers: All Persons Stand Equal Before the Law

39.     As you know, this action was brought by a private citizen against Police officers. This case should be considered and decided by you as an action between persons of equal standing

in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

## Police Officers and Civilian Witnesses

40.     You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are Police officers.

41.     In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a Police officer.

## Accept in whole or in part (falsus in uno)

42.     If you find that any witness has intentionally testified falsely as to any material fact, you may disregard that witness's entire testimony. Or, you may disregard so much of it as you find was untruthful, and accept so much of it as you find to have been truthful and accurate.

## Police Officer Witness - Bias

43.     A number of Police officers testified at the trial. At the time of the occurrence involved in this case they were, and still are, employees of the defendant County of Suffolk Police's Department.

44.     The fact that these witnesses were and still are employed by the defendant Police department may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the Police department.

## INFERENCES

45.     In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

46.     An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

47.     There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendants asks you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

48.     The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, is permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

49.     So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proved, such reasonable inferences as would be justified in light of your experience.

## Expert Testimony

50.     You will recall that Timothy Longo, Zhongxue Hua, MD-PhD and  Michael Vernarelli gave testimony in the fields of police practices, pathology and economics/financial damages respectively.

51.     When a case, like this case, involves matters that require special knowledge, experience, skill, or training not possessed by the average person, an expert is permitted to provide information and give opinions in order to assist the court and the jury. The opinions stated by the experts in this case were based either upon particular facts that each witness observed from their review of documents and information available to each of them, or upon facts that the attorney who questioned him asked him to assume.

52.     An expert is allowed to express his opinion on subjects about which he has special knowledge, experience, skill, or training. Expert testimony is presented to you so that someone who has special expertise can assist you in understanding and evaluating the evidence in this case.

53.     Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion. You must determine the reliability of the expert's opinion. You must evaluate the expert's opinion in light of the other evidence in the case. You may reject the expert's opinion if you find the facts to be different from those that formed the basis for his opinion. You may also reject the expert's opinion if, after careful consideration of all the evidence in the case, you disagree with the expert's opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by the other evidence in the case. Expert testimony is given to assist you in reaching a proper conclusion. In determining how much weight, if any, to give to expert testimony, you may consider the expert's qualifications in the field. Expert testimony must be considered by you, but it is not controlling upon your judgment.

### The Statute: 42 U.S.C. § 1983

54.     In his lawsuit, Plaintiff has sued the aforementioned Police officers of the County of Suffolk Police Department for money damages. Plaintiff alleges that these defendants, acting under color of state law, deprived Kenny Lazo of rights and privileges guaranteed by the United States Constitution.

### SECTION 1983: ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

#### *The Statute and Its Function*

55.     Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

56.     Section 1983 creates a form of liability in favor of people who have been deprived

of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

57.     Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to his by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

58.     To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

> **First**, that the defendant's conduct was under color of state law;
>
> **Second**, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [*or* a federal statute]; and
>
> **Third,** that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

### *First Element: Color of Law*

59.     As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants as Police officers and correction officers were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### *Second Element: Deprivation of a Federal Right*

60.     The second element of the plaintiff's claim is that the defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of [e.g.; his right to be

free of an unreasonable seizure under the Fourth Amendment to the federal Constitution]. I will explain the elements of the plaintiff's Fourth Amendment claim later in these instructions. [See Part II Constitutional Claims, *infra*.]

### *Third Element: Proximate Cause*

61. The third element that plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendants are responsible for the natural consequences of their actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of a defendants' conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

62. A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### *General Wrap-up on Elements of the Claim: Multiple Defendants*

63. If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

## BURDEN OF PROOF ON SECTION 1983 ELEMENTS

64. The plaintiff has the burden of proving each element of his § 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

65. Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## NO SPECIFIC INTENT

66. Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does § 1983 require the plaintiff to show that the defendant abused governmental power.

## LOSS OF FEDERAL RIGHTS

### EXCESSIVE FORCE

67. Plaintiffs must prove by a preponderance of the evidence that the defendants deprived Mr. Lazo of one or more federal constitutional right under the Fourteenth Amendment to the United States Constitution.

68. Plaintiff claims that the defendant Police officers violated his Fourth Amendment rights by using excessive force while in the custody of the Suffolk County Police's Department, defendants, abused, assaulted and battered plaintiff. Defendants deny that they abused, assaulted and battered plaintiff, or that they used excessive force. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. Excessive force is a seizure. A Police officer may use reasonable force in seizing a person, but the Fourth Amendment prohibits the use

of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when being arrested.

69.     Every person has the right not be subjected to unreasonable or excessive force while in the custody of law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in seizing an inmate Police officers have the right to use such force as is necessary under the circumstances to effect a lawful seizure, and at the same time to protect themselves or others from physical harm. Whether or not the force used in seizing a person was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent Police officer would have applied in effecting the arrest and/or transfer, under the circumstances in this case.

70.     In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendants would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights. On the other hand, you may find that abusing, assaulting and battering plaintiff, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

71.     The question before you is whether the actions of the defendant Police officers on the date of this incident and thereafter were objectively reasonable, meaning what a reasonably prudent Police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the Police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable correction officer on the scene,

rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the Police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

## DENIAL TO TIMELY AND ADEQUATE MEDICAL CARE

72.     The right they allege Mr. Lazo was denied is his right to adequate medical care. Because persons in custody must rely on police authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them. However, a person in custody does not have the right to choose his medical treatment, as long as he receives adequate treatment.

73.     In this case, Plaintiffs allege that the individual defendants, and the County of Suffolk violated the Fourteenth Amendment to the United States Constitution by showing deliberate indifference to Mr. Lazo's serious medical needs. Specifically, Plaintiffs claim that, while Mr. Lazo was taken into custody by the Suffolk County Police Department he was not taken to obtain medical treatment, but was transported to the Suffolk County 3rd Precinct where he sat until emergency services were called due to his medical condition. Plaintiffs claims that the individual defendants were deliberately indifferent to his injuries that he suffered during the arrest.

74.     To establish their claim under the Fourteenth Amendment, there are two components that the Plaintiffs must prove by a preponderance of the evidence:

> First, the alleged deprivation of adequate medical care for Mr. Lazo's injuries that he suffered during the arrest were sufficiently serious.

> Second, the police officials involved acted with deliberate indifference to Mr. Lazo's serious medical needs.

75.     The first component asks whether the alleged medical condition was sufficiently

serious, is in itself twofold. First, you must consider whether Mr. Lazo was actually deprived of adequate medical care for his injuries that he suffered during the arrest. The standard for determining the adequacy of medical care is reasonableness—that is, the police official's duty is to provide reasonable care. Thus, if you find that the defendant's medical care was reasonable in response to Mr. Lazo's medical need, then you must return a verdict in favor of that defendant. If you find that the defendant's did not provide medical care or that it was unreasonable in response to Mr. Lazo's need, you must then determine under this first component whether the inadequacy in medical care was sufficiently serious.

76.    A serious medical need of constitutional dimensions is a condition of urgency, one that may produce death, degeneration or extreme pain. A person's medical needs are also considered "sufficiently serious" if the failure to treat his or condition could result in further significant injury or the unnecessary and wanton infliction of pain. (Authority: Charles v. Orange Cnty., 925 F.3d 73, 86 (2d Cir. 2019)). I instruct you that Plaintiffs have established that Mr. Lazo's injuries that he suffered during the arrest were a sufficiently serious medical concern within the meaning of the 14th Amendment.

77.    The second component that the Plaintiff must prove is that the involved defendant(s) whose acts or omissions you are considering must have acted with deliberate indifference to Mr. Lazo's serious medical needs. Deliberate indifference means that Plaintiffs must prove that the defendant "knew that failing to provide the complained of medical treatment would pose a substantial risk to [Mr. Lazo's] health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to [his] health." (Authority: *Charles*, 925 F.3d at 87).

78.    Whether the defendant knew or should have known of the substantial risk of harm to the person in their custoday is a question of fact for you, the jury, to decide. (*Id.* (citing *Hathaway*

*v. Coughlin*, 37 F.3d 63, 67-69 (2d Cir. 1994)).

## FAILURE TO INTERVENE AGAINST DEFENDANTS
## JOHN NEWTON, JAMES SCIMONE, WILLIAM JUDGE, CHRISTOPHER TALT AND
## JOSEPH LINK, [2]

79.     Law enforcement officials have a duty to protect the constitutional rights from infringement by other law enforcement officials in their presence.  In this instance, an officer who fails to intercede is liable for preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a person has been unjustifiably seized or otherwise had his federal constitutional rights violated.  However, before an officer can be held liable for failing to intervene to prevent the harm from occurring, you must find that there was a reasonable opportunity to do so – that is, that he had sufficient time to intercede and a capability to prevent the harm.

80.     For Plaintiff to succeed on his failure to intervene claim against Defendants **NEWTON, SCIMONE, JUDGE,  TALT AND LINK,**(the named Defendants), he must prove by a preponderance of the evidence all four of the following elements: (1) that Plaintiff, was subjected to an unlawful seizure,  excessive force or other violations of his federally protected rights; (2) that one or more of the named defendants knew that his protected rights were being violated; (3) that one or more of the named defendants had a "realistic opportunity to intervene," as I described that phrase; and (4) that these defendants did not intervene.  If you find that one or more of the named defendants were liable for any injuries that you conclude were a proximate result of their failure to intervene in the  unlawful seizure, use of excessive force or other violation of Plaintiff's constitutional rights, you must find for Plaintiff.  If you find that Plaintiff has not proved any of these

---

[2]  The instructions contained in the Failure to Intervene claim were adopted from those delivered by Judge Castel in *Martinez  v. Port Auth.*, 01 Civ. 721 (S.D.N.Y. Nov. 18, 2004), *aff'd*, 445 F.3d 158 (2d Cir. 2006).

four elements with respect to a particular defendant, then your verdict will be for that defendant. In other words, Plaintiff must prove each and every one of these four elements.

## WRONGFUL DEATH CLAIM

Plaintiff respectfully reserves the right to submit a request to charge on this point at a later time.

## STATE LAW BATTERY CLAIM

81.     Plaintiff has also brought claims of battery against defendants **NEWTON, SCIMONE, JUDGE,  TALT AND LINK,** (the named Defendants).

82.     One who in  an offensive manner touches the person of another, without his consent and with the intention of causing offensive bodily contact to such other person, commits a battery and is liable for all damages resulting from her act (Authority:  NYJPI 3:3).

83.     Plaintiff claims that defendants  **NEWTON, SCIMONE, JUDGE,  TALT AND LINK,** (the named Defendants) committed a battery when they wrongfully beat Mr. Lazo on April 12, 2008.   In this regard, I instruct you that a battery can occur even  if the contact is slight (Authority: *Johnson v. Suffolk Co. Sheriff Dep't*, 245 A.D.2d 340, 341 (2d Dep't 1997)).

84.     Intent involves the state of mind  with which an act is done.   If a person acts voluntarily with a desire to bring about a result, he  is said to have intended that result.   Further although he has no  desire to  bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he  is also said to have intended that result (Authority: NYPJI 3:3).  I emphasize that the intent which is an essential element of the action is intent to make contact, not intent to do injury (Authority: *Willanueva v. Comparetto*, 180 A.D.2d 627, 629 (2d Dep't 1992)).

85.     An offensive contact is one which offends a reasonable sense of personal dignity (Authority: Restatement, Second, Torts § 19).   In sum, if you find that **NEWTON, SCIMONE,**

**JUDGE, TALT AND LINK** were not justified in using force at all, or if the force they used was in excess of the force needed to arrest Mr. Lazo, and that they intended to cause an offensive contact to Mr. Lazo, you will find that they committed a battery (Authority: NYPJI 3:3).

## STATE LAW NEGLIGENCE CLAIM

86. Plaintiff has also brought claims of negligence against defendants **NEWTON, SCIMONE, JUDGE, TALT, LINK** and , the County of Suffolk. Plaintiff claims that defendants **NEWTON, SCIMONE, JUDGE, TALT, LINK**, the County of Suffolk, were negligent when they failed to hire, supervise, discipline and investigate the Defendant Officers involved in the wrongful beating on April 12, 2008.

87. Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances. (Authority: NYPJI 2:10).

88. Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is reasonable in proportion to that danger. A person is only responsible for the results of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of the negligence conduct must be not merely possible, but probable. There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of their conduct, or act reasonably in the light of what could have been foreseen.(Authority: NYPJI 2:12)

89.     Plaintiff claims that the defendants violated an internal regulations/procedure. If you find that the defendants violated the regulation/procedure, you may consider the violation as some evidence of negligence, along with the other evidence in the case, provided that such violation was a substantial factor in bringing about the occurrence. (Authority NYPJI: 2:29).

90.     When an officer uses physical force against a subject, "the officer shall immediately determine if the person requires medical treatment. If the person has suffered injury and/or complains of injury or pain, the person shall be transported to the hospital emergency room. 9Suffolk County Police Department policy #07-61.0

91.     Once in police custody, officers are required to "ensure that all reasonable measures are taken to ensure the safety and welfare of such persons. "(Suffolk County Police Department policy # 08-10, 08-13, and 08-16)

92.     Suffolk County Police Department Order #07-61, pertaining to the use of physical force states that "members shall us the least amount of force necessary to effect cooperation and control of a situation which requires police intervention, and then only when all other reasonable alternatives have been exhausted or are not available. "

93.     Suffolk County Police Department Order #07-86 specifically addresses the use of deadly force. From the onset, this particular order establishes that the value of human life is immeasurable. Thus, when officers are faced with a deadly force situation, it is incumbent upon them to exercise good judgment. Deadly force is justified when an officer "reasonably believes such is necessary to repel imminent use of deadly force against the officer or another." (Suffolk County Police Department policy # 07-86, Use of Force: Use of Firearms and Deadly Force)

94.     If you find that the defendants violated the abovementioned rules/regulation, and if that violation was a proximate cause of injury to plaintiff, then defendants are liable. (Authority: NYPJI 2:29)

95.     An act or omission is regarded as a cause of an injury if it was a substantial factor in brining about the injury, that is, if it had such an effect on producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relative small percentage to it. (Authority: NYPJI 2:70)

96.     There may be more than one cause of an injury. Where the independent and negligent acts or omissions of two or more parties cause injury to another, each of those negligent acts or omissions is regarded as a cause of that injury provided that it was a substantial factor in brining about that injury. (Authority: NYPJI 2:71)

97.     The defendants may claim that they are not responsible for the plaintiff's injuries because the injuries were cause by unnamed officers. If you find that the defendants were negligent but that the plaintiff's injuries were cause by the acts of the unnamed officers you may still find the defendants responsible for the plaintiffs injuries, if you also find that a reasonably prudent person in the defendants' situation, before the defendants allegedly committed their acts of negligence, would have foreseen that an act of the kind committed by the unnamed officers would be a probable result of the defendants' negligence If you find that a reasonably prudent person would not have foreseen an act of the kind committed by the unnamed officers as a probable consequence of the defendants' negligence, then the defendants are not responsible for the plaintiff's injuries and the plaintiff may not recover.  (Authority: NYPJI 2:72)

**RESPONDEAT SUPERIOR**

98.     With respect to his state law claim of Battery and Negligence, Plaintiff also seeks to hold the County of Suffolk  responsible for the actions of defendants **NEWTON, SCIMONE, JUDGE, TALT AND LINK**.  An employer is responsible for the act of its employees if the act is in furtherance of the employer's business and is within the scope of the employee's authority.  An act

is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

99. Among the factors you may consider in deciding whether **NEWTON, SCIMONE, JUDGE, TALT AND LINK** were acting in the furtherance of the County of Suffolk and SCPD's business and in the scope of their authority, you may include the nature of their work, and whether it was **NEWTON, SCIMONE, JUDGE, TALT AND LINK's** responsibilities to detain, interact and have contact with persons in the detention area in the District Court building. If you find that either **NEWTON, SCIMONE, JUDGE, TALT AND/OR LINK** caused injury to Mr. Lazo while acting within the scope of their authority and in furtherance of defendant's business, then defendant County of Suffolk is legally responsible for their conduct (Authority: NYPJI 2:235).

100. I reiterate that even though you find that its employees' acts were reckless or intentional the County of Suffolk is nonetheless responsible for Plaintiff's damages if you find that one or more if its employees was acting in furtherance of its business and within the scope of their authority (Authority: NYPJI 2:237).

### 42 U.S.C. §1983 MUNICIPAL LIABILITY

101. Suffolk County can only be held liable for its police officers' actions under 42 U.S.C. § 1983 if those actions result from Suffolk County's custom, practice or policy; respondeat superior or vicarious liability does not attach to § 1983 claims. *Monell v. Dep 't of Soc. Servs.,* 436 U.S. 658, 690-691 (1978); *see also Reynolds v. Giuliani,* 506 F.3d 183, 191 (2d Cir. 2007).

102. The Second Circuit applies a two-prong test to determine municipal liability, wherein a plaintiff must show (1) the existence of a policy or custom, and (2) a causal connection between the policy and the deprivation of the plaintiff's constitutional rights. *Johnson v. City of New York,* 06-CV-9426, 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011) (Daniels, J.).

103.     A policy or custom may exist where there is a "'practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware" or where there is a "failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Id.* (internal citations and quotation marks omitted).

104.     Where a municipality has a constitutionally valid stated policy, but fails to implement it, the municipality may be liable for failure to train or supervise. *Amnesty Am. v. Town of W Hartford*, 361 F.3d 113, 127 n.7 (2d Cir. 2004).

105.     A single incident of misconduct involving an employee below the policy-making level generally will not show a policy or custom, even if the municipality fails to discipline the employee. *See, e.g., Brewster v. Nassau Cnty.,* 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (Hurley, J.); *Triano v. Town of Harrison,* 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) (Karas, J.)

106.     However, "[a] single action taken by a municipality is sufficient to expose it to liability," including a "single instance of deliberate indifference to subordinates' actions." *Amnesty Am.,* 361 F.3d at 125, 127 (emphasis added).

107.     Moreover, "a single, unusually brutal or egregious beating administered by a group of municipal employees" may support an inference that the conduct was "attributable to inadequate training or supervision amounting to deliberate indifference . . . on the part of officials in charge." *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980).

108.     To show deliberate indifference through failure to supervise, a plaintiff must establish "only that a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious . . . and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather

than mere negligence or bureaucratic inaction." *Amnesty Am.*, 361 F.3d at 128 (internal quotation marks omitted) (*citing Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir. 1995)). A county police commissioner is generally considered a policymaking official. *See, e.g., Gashi v. Cnty. of Westchester,* 02-CV-6934, 2005 WL 195517, at *13 (S.D.N.Y. Jan. 27, 2005) (Daniels, J.)

109.    Plaintiff claims that Suffolk County Police allowed police to use unreasonable and excessive force, allowed police to fail to report their use of force, and ignored the violent use of force against him and failed to investigate any aspect of how Plaintiff came to be hospitalized and injured and even ignored and failed to investigate after receiving notice of injuries suffered by Plaintiff.

110.    The Defendants Suffolk County may be found liable for failing to act to prevent a violation of the Plaintiff's federally protected rights only if you find that its failure to act was the result of its deliberate indifference.

111.    This occurs when it is shown that Suffolk County failed to take action even though the need to act was obvious and the failure to act would very likely result in violations of federally protected rights.

**DAMAGES**

112.    If you find that Plaintiffs have met their burden of proof with respect to their Federal or State claims against one or more of the defendants, that is, that they have proven their claims by a preponderance of the evidence, then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of plaintiffs on the question of liability.

113.    In computing damages, should you award damages, you may not engage in speculation or arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and

accuracy as the circumstances permit.

114. There are two types of damages that you may consider: compensatory damages and punitive damages. I will discuss each of these in turn.

A. **Compensatory Damages**

115. If you find for Plaintiffs on the issue of liability, then you may award them compensatory damages, that is, a sum of money that you believe will fairly and justly compensate them for any injury you believe Mr. Lazo actually sustained as a direct consequence of that defendant's conduct.

116. You may award compensatory damages only for those injuries that you find that Plaintiffs have proven by a preponderance of the evidence to have been the direct result of conduct by the defendant you are considering in violation of Section 1983. That is, you may not simply award compensatory damages for any injury suffered by Mr. Lazo from any cause -- you may award compensatory damages only for those injuries that are a direct result of actions by the defendant you are considering.

117. With respect to proximately caused injuries, you may award compensatory damages for any physical or psychological injury sustained by Mr. Lazo, as well as any suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses that the Plaintiffs prove Mr. Lazo experienced as a consequence of the defendant's actions or omissions. There is no requirement that evidence of the monetary value of such intangible things as injury, pain, and suffering be introduced in evidence. There is no exact standard for fixing the compensation to be awarded for these types of damages, and no expert testimony need be introduced. Any award you make should be fair in light of the evidence presented at the trial. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

118.     I cannot give you a yardstick by which to measure the dollar value of pain or injury. You heard the testimony about the injuries Mr. Lazo sustained.  If you award compensatory damages you will have to determine, based on your common sense and experience, that amount of money that will fairly and reasonably would have made Mr. Lazo whole or compensate him for the injuries and pain and suffering that he sustained, and may have  continued to sustain, as a consequence of any acts that violated his rights.

119.     In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

**PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO PROVIDE AN APPROPRIATE CHARGE ON FEAR OF IMPENDING DEATH.**

120.     "Plaintiff[s] may also recover damages, on behalf of Mr. [Lazo], in such sum as you find will fairly and justly compensate him for his loss of enjoyment of the life he would have lived. These damages are independent of, and may be in addition to, whatever damages may exist to compensate for the pain and suffering Mr. [Lazo] experienced before he died." (Authority: *Collado v. City of New York*, 396 F. Supp. 3d 265, 279 (S.D.N.Y.) (Chin, C.J.)).

121.     "Of course, it is difficult to put a value on the life of a human being. You are to determine, as best you can, in light of all the circumstances and the evidence presented, the value of Mr. [Lazo's] life had he lived." (Authority: *Id*.).

122.     Plaintiffs can also recover the monetary losses they and their other family members lost as a result of Mr. Lazo's death.  In considering this amount, you may consider, among other factors, the "'age, character, earning capacity, health, intelligence, and life expectancy of [Mr. Lazo], as well as the degree of dependency of the distributees upon the decedent and the probable benefits they would have received but for [Mr. Lazo's] untimely death.'" (Authority: *Collado, 396 F. Supp.*

*3d at 280 (quoting McKee v. Colt Elecs. Co.*, 849 F.2d 46, 52 (2d Cir. 1988) (citations omitted))).

123.    Plaintiffs can also recover the amount of funeral and burial expenses they incurred in connection with Mr. Lazo's death.

124.    Finally, let me caution you against awarding a double recovery. I have said that, if you return a verdict for the Plaintiffs, you must award them such sum of money as you believe will fairly and justly compensate them for any damage or injury you believe Mr. Lazo actually sustained as a direct result of the unconstitutional conduct. In this case, the plaintiffs bring multiple claims against multiple defendants. You must remember that, in calculating the damages, the plaintiffs are entitled to be compensated only once for the damages Mr. Lazo actually suffered. Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if more than one defendant is responsible for the violation. In addition, if you find liability on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury. On the other hand, if you find liability on more than one claim, and you find that more than one claim produced different injuries, then you may award compensation for the different injuries.

**B. Punitive Damages.**

125.    As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in your discretion.

126.    If you award plaintiff compensatory damages, then you may, but are not required to, also make a separate and additional award of punitive damages. The fact that I am giving you instructions on punitive damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on punitive damages are given only so

that you will have them in the event that you should find in favor of the Plaintiffs on the question of liability.

127.    You may award punitive damages against the individual defendants, including Armor, if you find that any of their actions were malicious or wanton and reckless, not merely unreasonable, or if the defendant intentionally violated Mr. Lazo's federal rights.  (Authority: *Moore v. LaSalle Mgm't Co., LLC*, 41 F.4th 493, 512-13 (5th Cir. 2022) (private corporations can be held liable for punitive damages under Section 1983); *Gazzola v. County of Nassau*, 16 CV 0909, 2022 U.S. Dist. LEXIS 111609, *33-35 (E.D.N.Y. Jun. 23, 2022) (in a denial of medical care case, finding that Armor was not immune from liability for punitive damages under Section 1983)). You may not award punitive damages against Suffolk County.

128.    An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  Plaintiffs have the burden of proving, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly with regard to his rights.  An act is wantonly and recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others.   An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when a defendant has a conscious desire to injure the detainee in a manner he or she knows to be unlawful.

129.    An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

130.   In making this decision, you should consider the underlying purpose of punitive damages.   The purpose of punitive damages is not to compensate plaintiff.   Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct, and to deter him or her, and others in the same position, from engaging in similar conduct in the future.

131.   If you find by a preponderance of the evidence that the defendant you are considering acted with malicious intent to violate Mr. Lazo's federal rights or unlawfully injure him, or if you find that any defendant acted with a callous or reckless disregard of his rights, then you may award punitive damages against any of the particular defendants.

132.   The fact that I instruct you on damages should not be considered as an intimation that you should find for Plaintiff on the liability claims against any or all of the defendants.   It is for you to decide, based upon the evidence and the law as I have instructed you, whether Plaintiff is entitled to recover against them.

**General rules defining your deliberations**

133.   That brings us to the third and closing part of these instructions.

I remind you once again that it is your responsibility to judge the facts in this case from the evidence admitted during the trial and to apply the law as I have given it to you.

134.   Your deliberations should include a rational discussion of the evidence in this case by all of you.

135.   In your deliberations you are entitled to your own opinion but you should exchange views with your fellow jurors and listen carefully to each other.

136.   While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own.

137.    If you wish to have some of the testimony repeated, you may make such request, and you will be brought into the courtroom and the reporter will read those portions you desire to hear. This can be accomplished by giving a note to my courtroom deputy.

138.     If it becomes necessary during your deliberations to communicate with me for any reason, send a note through the deputy.

139.    There shall be no communication with the court except by a writing – a note.  The court will not communicate with any member of the jury on any subject touching on the merits of the case other than by a writing or orally here in open court.

**Discussion of verdict sheet**

140.    Don't reveal to any person, not even to the court, how you stand, numerically or otherwise, on the merits of the case until you have all agreed on your verdict.

141.    Any verdict you reach must be unanimous.

142.    Your oath sums up your duty and that is that you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court.

Dated:  Hempstead, New York
        July 3, 2023

                                        THE LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

                                        *Frederick K. Brewington*
                                        FREDERICK K. BREWINGTON
                                        *Attorneys for Plaintiff*
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550