
*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

<u>Frederick K. Brewington</u>  
Albert D. Manuel III  
Leah Jackson  
Cobia Powell  

Of Counsel  
Oscar Holt III  
Jay D. Umans  

June 22, 2023

**VIA ELECTRONIC CASE FILING**
Honorable Steven Tiscione
United States District Court
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     RE: <u>Gonzalez v. County of Suffolk, et. al</u>
        Docket No.: CV-09-1023(ST)

Dear Judge Tiscione:

  This office represents the Plaintiff in the above referenced matter. We respectfully submit the instant letter in support of Plaintiff's motion *In Limine*. This case was brought against the Defendants for committing acts under color of law, depriving Plaintiffs' decedent of rights secured by the Constitution and laws of the United States and State of New York, as well as, battery, assault, wrongful death, negligence, intentional infliction of emotional distress, unnecessary use of deadly force, excessive force, failure to render medical treatment, deliberate indifference to medical needs, negligent supervision, and failure to properly train, in violation of 42 U.S.C. §1983 (including Municipal Liability and violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution), 42 U.S.C. §§ 1985 and 1986, and related State laws. The triable issues here stem from an encounter on April 12, 2008 at approximately 8:15 p.m., Plaintiffs' decedent Kenny Lazo, a man of Latino heritage, was driving on or near the Southern State Parkway entrance ramp from Bay Shore Road acting in a lawful manner when he was stopped under the pretext of a traffic stop by Defendants. A computer query as to Mr. Lazo's license status revealed that his license was valid, and a further inquiry revealed that the vehicle registration was valid, and that Mr. Lazo was not the subject of any outstanding warrants. The reasons for the alleged traffic stop given by Defendants are at odds with each other.

  A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). In fact, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

It is anticipated that the Defendants will raise issues about Plaintiff decedent's arrest and/or conviction record ("criminal record"). It is Plaintiff's position that no evidence relating to either should be allowed to be presented to this jury. A party may not introduce evidence of an adversary's past "crime, wrong, or act ... in order to show that on a particular occasion the person acted in accordance with" a particular character trait. See Fed. R. Evid. 404(b)(1). Trial courts in the Second Circuit must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect" before admitting a conviction under Rule 609(b). *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978). The use of Plaintiff's criminal record by the Defendants to, *inter alia*, claim or suggest that Plaintiff was being assaultive, disruptive, verbally abusive and/or combative at the time of the incident, simply because of that criminal record, would be improper. Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility. The mere fact that Plaintiff has a criminal record would improperly have the effect of suggesting Plaintiff's propensity to either violate the law or be combative. Thus, Plaintiff's criminal record, in its entirety, should be deemed inadmissible by the Court. There is no good faith basis to even suggest that any past record of Mr. Lazo, who is deceased, should be offered. Moreover, Mr. Lazo death, which occurred at the hands of these defendants cannot stand to oppose the attempts that Defendants will make to smear him and his character.

More than ten years have elapsed since the date of these convictions and arrests. Further, Counsel for the Defendants never gave Plaintiff advance written notice of their intent to use such evidence in accordance with Rule 609(b) of the Federal Rules of Evidence. Aside from each of these matters being charges that are ancient, having occurred more than 15 years ago, the Defendants have not listed any documents that they plan to offer into evidence on this issue.

Following the murder of Kenny Lazo the Defendants engaged in an attack campaign by taking photos in showcase display style of alleged items taken from the car that Mr. Lazo was driving. The photos of these items, (best identified as SCPD Property Section Photos of 10-16-08, taken by Det. Portela, jpeg numbers 80057-80081) which are money, phones and alleged drugs. The photos of these items, **taken six months** after the seizure and murder of Mr. Lazo, are not alleged to have been known to exist by Defendants and there is no evidence to support that any of the Defendants believed that same existed. Due to his death, Mr. Lazo was never given a chance to challenge anything said by Defendants and he was never charged with any crimes related to these items, yet the Defendants did everything they could to taint the airways of the media with photos in an attempt to justify their abuse which resulted in the death of Mr. Lazo. After being taken into custody, Mr. Lazo was transported to the third precinct. Despite his injuries and knowledge of numerous strikes to Mr. Lazo's body, and specifically his head with flashlights, hands and elbow, not one of the Defendants on the scene made a decision to have Mr. Lazo transported to the hospital to be examined or otherwise treated for his injuries. Instead of taking him to the hospital, Mr. Lazo arrived at the police precinct at approximately 8:40 p.m. Mr. Lazo died a the Southside Hospital at 9:45 p.m.

The stop, beating and arrest of Mr. Lazo was without probable cause and there is no claim that

these items were related to or involved in the interaction between the Defendants and Mr. Lazo. With respect to any potential claim of criminal possession controlled substance, there is no guilty plea, there is no charge, there is no conviction and even if there were any of these, it would not be admissible in the instant case pursuant to Rule 609(b)(2) as no written notice has been provided of the intent to offer same. As there has been no notice that the Defendants intend to offer any claimed conviction of Mr. Lazo, those too would be improper to be offered into evidence. Further, the possession of a controlled substance is not indicative of truthfulness and the probative value of same is substantially outweighed by the danger of unfair prejudice. *See Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993).

Allowing the abovementioned photos and/or charges to be admitted has the serious potential to prejudice the jury's perception of the facts at issue. If the Defendants were allowed the opportunity to use this information to question the alleged conduct of Mr. Lazo during the incident in question, nothing could be more unfair and nothing could be more confusing to a jury. Consequently, Plaintiff's criminal record, in its entirety, should be deemed inadmissible by the Court, as should any photos which the Defendants would try to offer to paint Mr. Lazo with criminality for the sole purpose of prejudicing the jury against him.

Further, we object to the Defendants referring to Mr. Lazo using the term of "drug dealer" or any similar language or term. We move this Court to issue an order to forbid the Defendants from using such accusatory and defamatory language as to Plaintiff's decedent as same is not based on any established facts and would only prejudice the jury with no recourse available to the Plaintiff.

Additionally, we object to the Defendants making any reference to the former expert Dr. Manion who had been retained by Plaintiff and was replaced following his becoming incommunicado and losing his license to practice medicine. This includes any reference to his opinions, his deposition, his report and his conclusions.

For the above stated reasons, Plaintiff respectfully requests that these Motions *In Limine* be granted.

Respectfully submitted,
*Frederick K. Brewington*
FREDERICK K. BREWINGTON

cc: Marc A. Lindemann, Esq. (*via ECF*)