UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-
administrators of the Estate of KENNY LAZO,

                  Plaintiffs,

       -against-

COUNTY OF SUFFOLK, SUFFOLK
POLICE DEPARTMENT, POLICE
COMMISSIONER RICHARD DORMER, in
his individual and official capacity, POLICE
OFFICER JOHN NEWTON, in his individual
and official capacity, POLICE OFFICER
JAMES SCIMONE, in his individual and
official capacity, POLICE OFFICER
WILLIAM JUDGE, in his individual and
official capacity, POLICE OFFICER
CHRISTOPHER TALT, in his individual and
official capacity, POLICE OFFICER JOSEPH
LINK, in his individual and official capacity,
COUNTY OF SUFFOLK OFFICE OF
DISTRICT ATTORNEY, SUFFOLK
COUNTY DISTRICT ATTORNEY THOMAS
SPOTA, in his individual and official capacity,
ASST. DISTRICT ATTORNEY JOHN B.
COLLINS, in his individual and official
capacity, and "JOHN AND JANE DOES 1-10"
representing as yet unknown and unidentified
members of the Office of the Suffolk County
District Attorney (all in their individual and
official capacities as employees of the Office
of Suffolk County District Attorney),

                  Defendants.

**Docket No.: CV-09-1023 (ST)**

## DEFENDANTS' FIRST REQUEST TO CHARGE

PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendants provide this submission which serves to provide supplemental requests for the Court to give the following instructions to the jury, in addition to such other generally applicable instructions that the Court may give. It is respectfully requested that during the course of this trial and at the end of the proof in this case that counsel for the Defendants be allowed to amend and/or supply additional Requests to Charge.

Defendants respectfully reserve the right to supplement these jury instructions as to any legal issues that remain unaddressed and/or upon request for further submissions as may become evident during the proceedings in this matter.

Although the Plaintiffs' proposed jury instructions include a detailed charge on an alleged denial to timely and adequate medical care, this particular allegation was not specifically charged in the amended complaint, and the Defendants respectfully object to the inclusion of such a charge in the jury instructions.

### DUTIES OF JURY TO FIND
### FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence (and the arguments of the lawyers), it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, *i.e.*, what the plaintiffs must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree

with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestions as to what verdict you should return--that is a matter entirely for you to decide.

## **BURDEN OF PROOF**

The burden of proof on each claim rests on the party whose claim it is. Here, it is the plaintiffs that are pursuing claims. That means that the plaintiffs, as the parties raising the claim, must establish by a fair preponderance of the credible evidence that the claim made is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that, in order for a party to prevail, the evidence that supports their claim must appeal to you as more nearly representing what took place than that opposed to his claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of the other party.

It is only if the evidence favoring a plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of the plaintiffs. If the evidence on both sides is balanced, meaning that the evidence supporting plaintiffs' claim is essentially equal to the evidence supporting the

defendants' version, then you must return a verdict in favor of the defendants because the plaintiffs have not satisfied their burden of proof.

## CONSIDERATION OF THE EVIDENCE

## CONSIDER ONLY COMPETENT EVIDENCE

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case. The term evidence includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to either side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

At times during the trial, I have sustained objections to questions asked without permitting the witness to answer, or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question or a stricken answer in reaching your decision. The law requires that your decision be made solely upon the evidence. Evidence which has been excluded from your consideration was excluded because it was not legally admissible.

While you should consider only the evidence in the case, you are permitted, however, to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the

light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard while the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CREDIBILITY OF WITNESSES

## INTERESTED WITNESSES

The plaintiffs and defendants have testified before you. As parties to this action, the plaintiffs and defendants are interested witnesses, that is, they have an interest in the outcome of the case.

An interested witness is not necessarily less believable than a disinterested witness. The fact that he/she is interested in the outcome of the case does not mean that he/she has not told the truth. It is for you to determine from his/her demeanor on the stand and from such other method as your experience dictates whether or not his/her testimony has been slanted intentionally or unintentionally, by his/her interest. If you deem it proper under all of the circumstances to do so, you are free to disbelieve such witness, even though his testimony is not otherwise impeached or contradicted. However, you are not required to disbelieve such a witness. You may accept all or such part of his testimony as you deem reliable, and you may reject such part, if any you deem unreliable.

## DISCREPANCIES IN TESTIMONY

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors, including the following:

1.     Was the witness able to see, or hear, or know the things about which that witness testified?

2.     How well was the witness able to recall and describe those things?

3.     What was the witness's manner and demeanor while testifying?

4.      Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.      How reasonable was the witness's testimony considered in light of all the evidence in the case?

6.      Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a small number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure to recollect, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## FALSUS IN UNO

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness under the principle that one who testified falsely about one material fact is quite likely to testify falsely about everything. However, you are not required to consider such a witness as totally unworthy of belief. You may also accept so much of his testimony as you deem true, and disregard what you feel is false.

By the process that I have just described, you, as the sole judges of the facts, must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you will give to their testimony.

## FEDERAL LAW CLAIMS

## ELEMENTS OF A SECTION 1983 CLAIM

The law which will apply to the plaintiffs' claim is Title 42, Section 1983 of the United States Code, which says, in pertinent part that: "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State subjects … any (one) … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

To establish a claim under Section 1983, plaintiffs must establish, by a preponderance of the evidence, each of the following three elements:

1.      That the conduct complained of was committed by a person acting under color of state law;

2.      That this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

3.      That the defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.

The first element of the plaintiffs' claim is that the defendants acted under color of state law.

In this action, the parties do not dispute that the defendants acted in their capacity as an employees of the Suffolk County Police Department. Therefore, you need not consider this element.

The second element of plaintiffs' claim is that they were deprived of a federal right by the defendants. In order for the plaintiffs to establish the second element, they must establish three things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiff; second, that that acts caused the plaintiffs to suffer the loss of a federal right[1]; and third, that in performing the acts alleged, the defendants acted intentionally or recklessly.[2]

The third element plaintiffs must prove is that the defendants' acts were the proximate cause of their injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If any injury was a direct result or a reasonably probable

---

[1] *Maine v. Thiboutot*, 448 U.S. 1,100 S.Ct.2505, 65 L.Ed.2d 555 (1980); *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L.Ed.2d 481 (1980), *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979); *Monell v.Department of Social Services of the City of New York*, 436 U.S. 436 U.S. 658,98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

[2] *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986);
*Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, (1986).

consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants which deprived the plaintiff of a federal right.

Nor is a defendant liable if plaintiffs' injuries were caused by a new or independent source of injury which intervenes between the defendant's act or omission and the plaintiffs' injury, and which produces a result which was not reasonably foreseeable by the defendant.

## DEFENDANTS' STATE OF MIND UNDER SECTION 1983

I instruct you that, to establish a claim under Section 1983, the plaintiffs must show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiffs were injured as a result of those acts, you must return a verdict for the defendants.

An act is intentional if it is done knowingly – that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted intentionally, recklessly or negligently, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have

to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

## **EXCESSIVE FORCE CLAIM**[3]

Every person has the right not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiffs' decedent and the defendants would not be sufficient by itself to demonstrate that the defendants violated the plaintiffs' decedent's constitutional rights. On the other hand, you may find that, under the circumstances, the defendant officers' use of force to subdue the plaintiffs' decedent, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

The question before you is whether the actions of the defendant police officers on April 12, 2008 were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the

---

[3] Adapted from Martin A. Swartz, *Section 1983 Litigation: Jury Instructions, Second Edition, 2017 Supplement*, Instruction 7.01.1.

officers. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that ''evil intentions'' will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiffs' decedent posed an immediate threat to the safety of the police officers or others, and whether the plaintiffs' decedent was actively resisting arrest at the time the alleged excessive force was applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the defendants' use of force was reasonable, you must return a verdict for the defendants. If you find that the defendants' use of force was unreasonable, your verdict must be for the plaintiff. In that case you must then determine whether the plaintiffs' decedent's injuries were proximately caused by the defendants' use of excessive force.

The plaintiffs have the burden of proving that the defendants' actions were a proximate cause of injury to the plaintiffs' decedent. Injury is proximately caused by a defendant's conduct

when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury.

In sum, if you find that the plaintiffs have established, by a preponderance of the evidence, that the defendants used excessive force in placing plaintiffs' decedent under arrest, the plaintiffs are entitled to recover from the defendants for the injuries and damages caused by the excessive force.

However, if you find that the plaintiffs have failed to establish, by a preponderance of the evidence, either that the defendants used excessive force in effecting the arrest, or that the excessive force caused plaintiffs' decedent's injuries, then your verdict will be in favor of the defendants.

### **FALSE ARREST[4]**

I will now instruct you on the law as to plaintiffs' claimed constitutional violation of unlawful arrest.

Plaintiff contends that plaintiffs' decedent's constitutional rights were violated when, on April 12, 2008, he was unlawfully arrested. The plaintiffs claim that the arrest was unlawful because it was made without probable cause to believe plaintiffs' decedent committed a crime. Under the Fourth Amendment, a police officer may make an arrest only when there is probable cause to believe a person has engaged in criminal conduct. Whether the arrest in this case was constitutional depends on whether defendant officers had probable cause to believe that plaintiffs' decedent had violated or was violating the law.

An arrest without a warrant is unconstitutional unless the arresting officer has "probable cause" to believe that the plaintiff was committing or had committed a crime. Probable cause does not mean proof beyond a reasonable doubt or proof sufficient to convict. Neither, however,

---

[4] *Id.* at Instruction 7.01.5.

is it speculation or surmise. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a person of reasonable prudence to believe that a crime was being committed or had been committed by the person arrested.

The question presented, which you must determine, is whether this arrest was made without probable cause, in violation of plaintiffs' decedent's constitutional right to be free of an unreasonable seizure. Probable cause "exists when an officer has knowledge of facts and circumstances 'sufficient to warrant a prudent person in believing' that a crime is being or has been committed." The totality of the circumstances should be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest. If probable cause existed for the arrest, then the plaintiff was not deprived of his Fourth Amendment right not to be seized unreasonably.

## FAILURE TO INTERVENE CLAIM[5]

The plaintiffs allege that defendant police officers of the Suffolk County Police Department violated plaintiffs' decedent's Fourth Amendment rights on April 12, 2008 when Officers Newton, Scimone, Judge, Talt, and Link allegedly used excessive force to restrain him and when the named officers failed to intervene and stop the arrest.

The plaintiffs must prove each of the elements of their claim by a preponderance of the evidence as to each of the named defendants, in accordance with these instructions. In other words, in determining whether the plaintiffs' decedent's Fourth Amendment rights were violated, you must consider each defendant's conduct and liability separately and independently of the other.

---

[5] *Id*. at Instructions 7.02.1 and 7.02.2.

Under the Fourth Amendment, a police officer may not use unreasonable force in the course of restraining or taking physical custody of an individual. Essentially then, you will be making the following findings based on these instructions:

*First:* that defendant officers subjected plaintiffs' decedent to an unlawful arrest and detention, or the use of excessive force, or both;

*Second:* that named defendants, or one or more of them, observed those actions and knew they were unlawful;

*Third:* that named defendants, or any of them, had a realistic opportunity to intervene, meaning you must find that the officer had sufficient time to intercede and a capability to prevent the harm; and

*Fourth:* that defendants failed to take reasonable steps to prevent the violations of the plaintiffs' decedent's constitutional rights.

If you find that the plaintiffs have not met any of these four elements, then you must find that the defendants were not liable for any injuries that you conclude were a proximate result of the arrest, detention, or use of force.

## QUALIFIED IMMUNITY[6]

I have now completed my instructions to you on the elements of plaintiffs' Section 1983 claims. If you find that the plaintiffs have proven the elements of their Section 1983 claim against a defendant, you must proceed to consider whether that defendant is entitled to what the law calls ''qualified immunity'' for each claim that the plaintiffs have proved. I will instruct you in a moment about the clearly established law regarding each of the plaintiffs' claims.

---

[6] *Id.* at Instruction 17.02.2.

If you find that the particular defendant is entitled to qualified immunity for a particular claim, you may not find them liable for that claim. If, however, you find that that defendant is not entitled to qualified immunity with respect to that claim, you may proceed to consider the issue of damages.

The defendant whom you are considering has the burden of demonstrating that their conduct did not violate the clearly established federal law about which I have instructed you. The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity. A particular defendant is entitled to qualified immunity only if a reasonable public official in defendant's position would not have been expected at the time of their conduct to know that their conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of their conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to them at the time of the incident in question, and the events that confronted them.

Thus, you must ask yourself what a reasonable official in the particular defendant's situation would have believed about the legality of their conduct. As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith. If you find that a reasonable official in the defendant's situation would have believed that their conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that their conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated the plaintiffs'

decedent's federally protected rights. If you find that the defendant has not proved that they are entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

## MUNICIPAL LIABILITY CLAIM

I will now instruct you regarding the municipal liability claim against the County of Suffolk, which I will refer to as the County.

You will consider the claim against the County only if you find that defendant officers violated plaintiffs' decedent's federal constitutional rights in some manner. In other words, you should consider the claim against the County only if you have found in favor of the plaintiffs on at least one of the claims of excessive force or failure to intervene.

In order to establish a Section 1983 claim against the County, the plaintiffs are required to establish an additional element that they need not prove against the individual defendants. To hold the County liable under Section 1983, the plaintiffs must prove by a preponderance of the evidence that the County had a custom or practice of insufficiently training and supervising its police force. In other words, plaintiffs must prove that the violation of their decedent's federally protected rights was not an isolated incident but was part of a persistent, widespread practice of the County and the Suffolk County Police Department.

Finding that an employee or employees of the County deprived the plaintiffs' decedent of his federally protected rights is not itself a sufficient basis for imposing Section 1983 liability against the County.

The plaintiffs do not contend that the County has a formal written policy of not training or supervising police officers. Plaintiffs allege instead that the County has had a long-standing

custom or practice of failing to adequately training and supervising its police force. Plaintiffs contend that the County had a custom, policy and practice of failing to properly train, supervise, and discipline its police officers. A County's failure to discipline, train or supervise can amount to deliberate indifference to the rights of persons with whom the police come into contact. Deliberate indifference can be shown by evidence of a failure to discipline, train, or supervise its officers to handle a recurring situation that presents an obvious potential for constitutional violations, or by evidence of a failure to train or supervise after learning of a pattern of constitutional violations by individual police officers.

A custom or practice is a well-settled, persistent, widespread course of conduct by municipal officials having the force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of Suffolk County officials engaged in the practice, and the similarity of the conduct engaged in by its employees.

Plaintiff must show that the County deliberately chose not to train or properly supervise its officers, including the named defendants, or recognize the need for more or different training or supervision, when the need for such training or supervision was obvious.

To find in favor of the plaintiffs and against Suffolk County or the Suffolk County Police Department you must find: (1) that the individual defendants violated the plaintiff's decedents' federally protected rights; (2) the violation of the plaintiffs' decedent's rights was pursuant to a long-standing custom or practice of the City; and (3) the policy makers of Suffolk County either approved or were deliberately indifferent to the custom or practice. If you find that the plaintiffs have failed to establish any of these elements, your verdict must be for the County of Suffolk.

Thus, if you find that the County was deliberately indifferent to the rights of persons through inadequate training or supervision constituting a custom, policy, or practice, you must next consider whether such failure to train or supervise was a proximate cause of the violations of plaintiffs' decedent's federal constitutional rights by defendant officers.

A failure to train or supervise is a proximate cause if it was a substantial factor in bringing about, or actually causing, the violations of plaintiffs' decedent's federal constitutional rights by the defendant officers. In other words, the violations of plaintiffs' decedent's constitutional rights were a direct result, or a reasonably foreseeable consequence, of the deficient training or supervision.

## STATE LAW CLAIMS

## WRONGFUL DEATH

As plaintiffs have not yet submitted a proposed jury charge, we do not submit a proposed charge at this time. We do respectfully reserve our right to submit a proposed charge, should the plaintiffs decide to submit one at a later time.

## STATE LAW BATTERY CLAIM[7]

A police officer in the course of effecting or attempting to effect an arrest, or maintaining the custody of a person whom he reasonably believes to have committed an offense, or in defense of himself or a third person, may use physical force when and to the extent he reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody, or to

---

[7] Adapted from New York PJI 3:4.

defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force.[8] A police officer can be held liable only if the force used was excessive.

Plaintiffs claim that the police officers battered their decedent, causing him to sustain injury. Defendants deny this and argue that the use of force was necessary and reasonable under the circumstances.

Taking into consideration all of the circumstances existing at the time and place of the incident, if you find that it was not reasonable for the police officers to believe that plaintiffs' decedent was using physical force, then the police officers were not justified in using force at all and you will find the police officers committed a battery. If, however, you find that police officers reasonably believed that plaintiffs' decedent was using physical force or that they were justified in using force to the extent that they reasonably believed it necessary to respond to plaintiffs' decedent's use of physical force, you must then decide whether the force used was reasonably believed by the police officers to be necessary. In making that decision, you must take into consideration all of the circumstances confronting the police officers at the time and place of the incident, including what they saw and heard; whether there was assistance available to them; what if anything you find that the police officers had been informed about plaintiffs' decedent; and what if anything you find that they had been informed concerning the commission of a crime in the area.

If by these standards the police officers used excessive force to accomplish their purpose, they committed a battery.

If you find that the police officers reasonably believed that plaintiffs' decedent was using physical force and that they used no more force than they reasonably believed necessary, you will find that the police officers committed no battery. If you find that the police officers did not

---

[8] New York Penal Law § 35.30.

reasonably believe that plaintiffs' decedent was using physical force or you find that the police officers did not reasonably believe the force used was necessary under the circumstances, you will find that they committed a battery.

### STATE LAW NEGLIGENCE CLAIM and RESPONDEAT SUPERIOR[9]

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the result of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable, but injury as a result of negligent conduct must be not merely possible, but probable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct and acted unreasonably in light of what could have been foreseen. On the other hand, there is no negligence if a reasonably prudent person acted reasonably in light of what could have been foreseen.

Plaintiffs further allege the County of Suffolk is responsible for the acts of the defendant officers. An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in

---

[9] Adapted from PJI 2:12: Common Law Standard of Care – Foreseeability – Generally.

the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether the defendant officers were acting within the furtherance of the County of Suffolk's business and within the scope of their authority, you may include whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance and whether the specific act was one that the County of Suffolk could reasonably have anticipated. If you find the defendant officers negligently caused injury to the plaintiffs' decedent while acting within the scope of their authority and in furtherance of the County of Suffolk's business, then the County is legally responsible for the defendant officers' conduct.

## **DAMAGES**

The fact that I will instruct you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiffs from a preponderance of the evidence in this case in accordance with the other instructions.

If you find in favor of the plaintiffs, you may award the plaintiffs such damages as will compensate them for the injuries which you have found that they received. In compensating plaintiffs for their injuries, you should consider the extent and permanency of the injuries and what would adequately compensate them for those injuries.

If you find that any defendant is liable for the injuries suffered by the plaintiffs, then you must determine the amount of damages the plaintiffs are entitled to recover.

If you decide that the plaintiffs are entitled to a verdict, an award of damages must be reasonable. You may award plaintiffs only such damages as will be reasonable compensate them for such injuries. You are not permitted to award speculative damages. You are not to include in any verdict compensation for prospective loss which, although possible, is not reasonably certain to occur in the future.

## NOMINAL DAMAGES

If you return a verdict for the plaintiffs, but find that the plaintiffs have failed to prove by a preponderance of the evidence that they have suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiffs have been deprived by a defendant of a constitutional right but have suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiffs suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

In determining whether to award nominal damages, you should also consider that if you do make such an award, the plaintiffs may then be able to recover a greater sum because they might then be entitled to a Court award reimbursing them for their reasonable attorney's fees. The award would be made by me after you have returned your verdict.

## PUNITIVE DAMAGES

If you have awarded to the plaintiffs either compensatory or nominal damages, the law permits you, under certain circumstances, to award the plaintiffs punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiffs' decedent was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed in amount with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In

fixing the amount of punitive damages, you must consider the degree of reprehensibility of a defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiffs.[10]


Dated:  Hauppauge, New York
        July 21, 2023

DENNIS M. BROWN
ACTING SUFFOLK COUNTY ATTORNEY
*Attorney for Defendants*

/s/ *Marc Lindemann*
By Marc Lindemann
Assistant County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 853-5012

---

[10] Adapted from *§1983 Litigation; Jury Instructions*, Volume 4, Schwartz & Pratt 2000, §8.02.14.