UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-administrators
of the Estate of KENNY LAZO,

                         Plaintiffs,

   -against-

COUNTY OF SUFFOLK, POLICE OFFICER JOHN
NEWTON, in his individual and official capacity,
POLICE OFFICER JAMES SCIMONE, in his individual
and official capacity, POLICE OFFICER WILLIAM
JUDGE, in his individual and official capacity,
POLICE OFFICER CHRISTOPHER TALT, in his
individual and official capacity, and POLICE OFFICER
JOSEPH LINK, in his individual and official
capacity,

                         Defendants.

-------------------------------------------------------------------X

**COURT'S**
EXHIBIT NO. _____1_____
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

09-cv-1023 (ST)

## INTRODUCTION

    Distinguished members of the jury, I told you at the very start of the trial that your principal function during the trial would be to listen carefully and observe each witness who testified. It is apparent that you have faithfully discharged your duty, and I thank you for your attentiveness and service. I ask that you now give me that same careful attention as I instruct you on the law. The evidence in this case has been presented and the attorneys have concluded their closing arguments, so now it is my responsibility to instruct you as to the law that governs this case. My instructions will be in four parts:

    First, I will state some general rules about your role and the way in which you are to review the evidence in this case;

<u>Second</u>, I will instruct you as to the legal elements of the claims in this case, that is, the specific elements that plaintiffs must prove by a preponderance of the credible evidence;

<u>Third</u>, I will instruct you as to damages; and

<u>Fourth</u>, I will give you some general rules regarding your deliberations.

You should not single out any one instruction I give you as alone stating the law. Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate.

## PART I: GENERAL RULES

You have now heard all of the evidence as well as the parties' final arguments. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence should be admitted under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney or party has stated a legal principle that conflicts with a legal principle that I give in my instructions, it is my instructions that you must follow.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law is — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. Your role is to weigh the evidence, determine the credibility of the witnesses, resolve any conflicts in the witnesses' testimony, and draw any reasonable inferences you see fit from the facts as you have determined them.

In determining these issues, you must rely upon your own recollection of the evidence.

Case 2:09-cv-01023-ST   Document 160   Filed 08/11/23   Page 3 of 56 PageID #: 2967

Jury Instructions
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

What the lawyers or parties have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said about the facts evidence.

I want to reiterate to you that, as jurors, are the sole and exclusive judges of the facts. Nothing that I say should be construed as an opinion on the facts of this case or what your ultimate verdict should be.  Additionally, my rulings during trial should not be construed as having anything to do with my view on whether the Plaintiffs have proven their claims.

I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses.  These questions were only intended to clarify or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.  You are to perform the duty of finding the facts without bias or prejudice to any party.

I know you will try the issues that have been presented to you according to the oath you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.  If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

## CONDUCT OF COUNSEL

It is the duty of the attorneys to object when the other side offers testimony or other evidence which the party believes is not properly admissible.  The parties also have the right and duty to ask the court to make rulings of law and request conferences at the side bar out of the hearing of the jury.  Those questions of law must be decided by me, the Court.  You should not show any prejudice against any party because that party or that party's attorney objected to the

admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court

for a ruling on the law.

As I already explained, my rulings on the admissibility of evidence do not, unless expressly

stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole

judges of the credibility of all witnesses and the weight and effect of all evidence. Your verdict

should be based on the facts as found by you from the evidence and the law as instructed by the

court.

## TYPES OF EVIDENCE

I will now instruct you as to what is evidence and how you should consider it.

The evidence in this case comes has been presented to you in two forms:

1.      Sworn testimony of witnesses, both on direct and cross-examination;

2.      Exhibits that have been received by the court in evidence.

If evidence was received for a limited purpose, you must consider that evidence for that

limited purpose only.

Certain things are not evidence and are to be disregarded by you in deciding what the facts

are:

1.      Arguments or statements by the attorneys are not evidence.

2.      A lawyer's questions in and of themselves are not evidence.

3.      Objections are not evidence. You should not be influenced by the objection or by

the court's ruling on it. If the objection was sustained, ignore the question and answer to it. If the

objection was overruled, treat the answer like any other answer.

4.      Any testimony that was stricken by the court is to be disregarded and is not

evidence.

5.      Any exhibits identified, but not admitted into evidence by the court, are not evidence.

6.      Obviously, anything you may have seen or heard outside the courtroom is not evidence.

7.      Courtroom Behavior: During the course of the trial, I may have questioned witnesses.  I also may have had limited colloquy, debate, and argument with the attorneys.  The jury should not draw any inferences from observing these interactions.  They were conducted for the sole purpose of insuring the orderly and clear presentation of evidence to you, the jury.

Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Now, I told you that evidence comes in various forms, such as the sworn testimony of witnesses and exhibits.  There are, in addition, different types of evidence - direct and circumstantial.

1.      <u>Direct evidence</u>:  Direct evidence is physical evidence or testimony about a fact by an eyewitness or participant who testifies to knowing that fact through one of the five senses.

2.      <u>Circumstantial evidence</u>:  Circumstantial evidence is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.  That is all there is to circumstantial evidence: based on facts that you find have been proven, you draw such reasonable inferences or conclusions as seem justified in light of your experience and common sense.

The law makes no distinction between direct and circumstantial evidence.  You may consider both.

### INFERENCES

During the trial you may have heard the attorneys use the term "inference."  In the

attorneys' arguments, they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you find exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted (but not required) to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party. In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

## BIAS AND SYMPATHY

Your verdict must be based solely on the evidence presented at this trial.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, or age.  It would be equally improper for you to allow any feelings you might have about the nature of the claim to influence you in any way.  The parties in this case are entitled to a jury that is free from prejudice.  The strength of our judicial system is based on the jury trial, and it is essential that jurors reach verdicts through considering the evidence in a fair and impartial manner.

Similarly, under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

## BURDEN OF PROOF

This is a civil case and, unless I instruct you otherwise, the Plaintiffs have the burden of proving the material allegations of their claims by a preponderance of the credible evidence.  To establish a fact by a preponderance of the credible evidence means to prove that the fact is more likely true than not true.   A preponderance of the credible evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the credible evidence, you may consider the relevant testimony of all witnesses, regardless of who may have

called them, and all the relevant exhibits received in evidence, regardless of who may have offered them.

If you find that the credible evidence on a given issue is evenly divided between the Plaintiffs and the Defendants — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the Plaintiffs. That is because the Plaintiffs bear the burden to prove more than simple equality of evidence — they must prove each element at issue by a preponderance of the credible evidence. On the other hand, the Plaintiffs need to prove no more than a preponderance. As long as you find that the scales tip, however slightly, in favor of the Plaintiffs, then that element will have been proven by a preponderance of credible evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one and you should put it out of your mind.

## WITNESS CREDIBILITY

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and you determine the weight of each of the witnesses' testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

You should use all the tests for truthfulness that you use in your everyday life. You should, for instance, consider any bias or hostility the witness may have shown for or against any party as

Case 2:09-cv-01023-ST   Document 160   Filed 08/11/23   Page 9 of 56 PageID #: 2023
Jury Instructions
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

well as any interest the witness has in the outcome of the case.  You should also consider the

opportunity the witness had to see, hear, and know the things about which they testified; the

accuracy of their memory; their candor or lack of candor; their intelligence; the reasonableness and

probability of their testimony and its consistency or lack of consistency and its corroboration or

lack of corroboration with other credible testimony.  If you find that a witness has lied, you may

disregard all of their testimony or only part of their testimony.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things
   testified to;

2. the witness' memory;

3. the witness' manner and demeanor while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice he or
   she may have;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

any other factors that bear on believability.

## INTERESTED WITNESSES

In evaluating the credibility of the witnesses, you should take into account any evidence that

a witness may benefit in some way from the outcome of the case.  For example, both Plaintiffs and

Defendants have interests in prevailing at trial.  An interest in the outcome may create a motive to

testify falsely and may sway a witness to testify in a way that advances their own interests.

Therefore, if you find that any witness whose testimony you are considering may have an interest

in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility

Case 2:09-cv-01023-ST   Document 160   Filed 08/11/23   Page 10 of 56 PageID #: 2024
Jury Instructions
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would testify truthfully. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

### IMPEACHMENT OF A WITNESS

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability, unless the inconsistent statement was made by one of the parties. Evidence of prior inconsistent statements with respect to the other witnesses was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who allegedly contradicted themselves. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of their trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Case 2:09-cv-01023-ST   Document 160   Filed 08/11/23   Page 11 of 56 PageID #: 6005
Jury Instructions
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

## DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel may have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' entire testimony. On the other hand, discrepancies in a witness' testimony or between their testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict themselves. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance, but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in their testimony. You should, as always, use common sense and your own good judgment.

## NOTE TAKING BY JURORS

You were permitted to take notes during the course of this trial. You may not show your notes to any other jurors. You may not substitute your notes for your own recollection of the evidence in the case. Also, the fact that a particular juror has taken notes does not entitle that juror's views to greater weight than the views of any other juror. If, in the course of your deliberations, your recollection of part of the testimony should fail, you may request that a portion of the transcript of these proceedings be provided to you. Please be as specific as possible

regarding what portion you wish to review.

## PART II: ELEMENTS OF THE CLAIMS

I will now discuss the second part of these instructions – the principles of law that you must

apply to the facts as you determine them to be.  You are reminded that, unless I instruct you

otherwise, the plaintiffs bear the burden of proving every essential element of each of their claims

by a preponderance of the credible evidence.

## LAW CONTROLLING THIS CASE

Plaintiffs raise eight claims in this case.

To attempt to simplify your task, I have prepared a verdict sheet for your assistance.  You

will take this verdict sheet with you into the jury room.  The verdict sheet contains questions and

the answers to these questions will constitute your verdict.

Later in the charge I will review the verdict sheet in detail with you.

At this time, there are six Defendants in this case:  WILLIAM JUDGE, JOHN NEWTON,

JAMES SCIMONE, CHRISTOPHER TALT, JOSEPH LINK and the COUNTY OF SUFFOLK.

Should there be a reference to "the Defendants" in this charge, you will understand this reference

to be to them.

### 42 U.S.C. SECTION 1983

The Plaintiffs, Patricia Gonzalez and Jennifer Gonzalez, individually and as co-

administrators of the Estate of Kenny Lazo, assert federal civil rights claims and related state law

claims against the Defendants, based on an incident that is alleged to have occurred on April 12,

2008.  First, the Plaintiffs maintain that on that day, the Defendants deprived Kenny Lazo of his

rights under the Fourth Amendment to the United States Constitution by unlawfully subjecting

him to a false warrantless arrest.  Second, Plaintiffs also claim Defendants used excessive force

while in the process of apprehending and arresting Mr. Lazo.  Third, Plaintiffs claim that Defendants further violated Mr. Lazo's rights by failing to intervene and stop the usage of excessive force.  Fourth, Plaintiffs claim Defendants unlawfully denied Mr. Lazo access to timely and adequate medical care.

The law to be applied in this case is the federal civil rights law, which provides a remedy to individuals who have been deprived of their federal constitutional rights under color of state law.  The federal civil rights statute under which the plaintiff's claims are brought is Title 42, Section 1983 of the United States Code.  Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

To establish a claim under Section 1983, plaintiffs must prove, by a preponderance of the credible evidence, each of the following three elements:

First: That the conduct complained of was committed by a person acting under color of state law;

Second: That this conduct deprived Kenny Lazo of a right, privilege or immunity secured by the Constitution or laws of the United States; and

Third: That the Defendants' acts were the proximate cause of the injuries sustained by Kenny Lazo.

If you find that Plaintiffs have proven all three elements of their claim by a preponderance of the evidence with respect to a particular Defendant whom you are considering separately, you

should find that Defendant liable. If you find that Plaintiffs have not proven any one of these elements with respect to the particular Defendant you are considering, then you must find that Defendant not liable and return a verdict for him. Remember that the case as to each of these individual Defendants must be considered separately by you and you may not find a Defendant liable for what others did or did not do. The fact that you find that one of the Defendants is or is not liable does not determine your verdict as to any other one of these Defendants, with one exception. In order to find the County of Suffolk liable under federal law, you must find at least one of the individual Defendant officers liable.

### FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW

The first element of the Plaintiffs' claims is that the Defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope, action by a state or municipal official under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

As to this first element of a civil rights action – that the Defendants acted under color of state law – I instruct you, since the Defendants were Police Officers employed by Suffolk County at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.

Accordingly, you need not consider the first element of the Section 1983 claim, the requirement that the conduct complained of was under color of state law. The Plaintiffs have satisfied this element. That is not an issue that is disputed in this case.

14

## SECOND ELEMENT – DEPRIVATION OF RIGHT

The second element of the Plaintiffs' civil rights claim is that Kenny Lazo was deprived of a federal constitutional right by the Defendants. In order for the Plaintiffs to establish the second element, they must show the following by a preponderance of the evidence:

First:    That in performing the acts alleged, the Defendants acted intentionally or recklessly; and

Second: That acts committed by the Defendants caused Kenny Lazo to suffer the loss of a federal right.

To prove the deprivation of right element of their claim, the Plaintiffs must not only show that the Defendants' acts deprived Kenny Lazo of a federal right but also that the Defendants performed those acts intentionally or recklessly, rather than accidentally. If you find that the acts of the Defendants were merely negligent – or even grossly negligent – then, even if you find that Kenny Lazo was injured as a result of those acts, you must return a verdict for the Defendants.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. An act is reckless if done in conscious disregard of its known probable consequences. I emphasize that Plaintiffs do not have to establish that the Defendants intended to violate his federal constitutional rights. Again, intent means the intent to perform the act, as compared to negligence. If you find that the Defendants committed the acts Plaintiffs claim, then I instruct you that Plaintiffs have established that the Defendants have acted intentionally, and you do not have to consider it further.

Additionally, for Plaintiffs to establish the second element of their claim, they must establish Defendants' actions deprived Kenny Lazo of a federal right by a preponderance of the

15

credible evidence.  I will now instruct you on the law as to the claimed violations of Kenny Lazo's federal rights.

**CLAIM ONE – FALSE ARREST**

First, I will instruct you on Plaintiffs' false arrest claim.  The Fourth Amendment to the United States Constitution protects persons from unreasonable seizures, including false arrests. The Fourth Amendment has been incorporated against the States under the Fourteenth Amendment. The elements of a false arrest claim are: (1) the defendant intended to confine Mr. Lazo; (2) Mr. Lazo was conscious of the confinement; (3) Mr. Lazo did not consent to the confinement; and (4) the confinement was not otherwise privileged.  The existence of probable cause is a total defense to a claim of false arrest.

Specifically, at issue in this case is whether all Defendants, except Officer Link, had probable cause to arrest Mr. Lazo.  Probable cause exists for an arrest if, at the time of the arrest, a reasonable officer in Defendants' position would believe that Mr. Lazo had committed an offense. Probable cause requires more than just a suspicion, but it does not need to be based on evidence that would be sufficient to support a conviction beyond a reasonable doubt.  I instruct you that the Defendants bear the burden of proving by a preponderance of the evidence that probable cause existed at the time of the arrest of Kenny Lazo.  In determining whether probable cause existed, you should consider all facts and circumstances known by the Defendants at the time of the arrest. But you may not consider information that the officers did not learn about until after the fact.  In other words, probable cause must be assessed at the exact time that the officers made the decision to arrest Mr. Lazo.  Thus, in this case, Defendants may not rely upon the narcotics, cash or multiple cell phones they claim to have recovered from Mr. Lazo and/or his car, as these items were not located until after Mr. Lazo was already in custody.  Police officers may, however, establish a

16

complete defense if they had probable cause to arrest on any offense, no matter how minor, and do NOT need to establish probable cause for the specific crime(s) that a plaintiff is subsequently charged with. Therefore, although Mr. Lazo was ultimately formally charged with criminal possession of a controlled substance, the police officers do not need to establish that they had probable cause at the time of his arrest for this drug charge. Instead, it is sufficient if the officers had probable cause to arrest Mr. Lazo for any other offense, including, for example, harassment of an officer, speeding, or some other traffic violation.

If you find that there was no probable cause for Mr. Lazo's arrest, then Plaintiffs will have established that Mr. Lazo was deprived of a federal right. If you find that there was probable cause to arrest Mr. Lazo for any offense, then Plaintiffs have failed to establish false arrest.

You have heard testimony that the officers here conducted a pre-textual stop of Kenny Lazo. That is, they stopped him in order to further their narcotics investigation not simply to issue a traffic citation. You are instructed that there is nothing inherently wrong with such a pre-textual stop. It is a valid law enforcement technique and as long as the officers had some legally sufficient reason to pull over Mr. Lazo's car, the fact that they had some other motive for doing so does not make the stop unconstitutional. At the time of the stop, however, the officers did not have legally sufficient probable cause to arrest Mr. Lazo for any narcotics-related offense. Moreover, because a warrantless arrest is presumptively unlawful, the Defendants bear the burden of proof to establish that probable cause existed that Mr. Lazo committed a violation of the Vehicle and Traffic Law. A police officer may arrest a person for committing such a traffic violation, classified as a "petty offense," only if he has reasonable cause to believe that the person has committed such offense in his presence.

Thus, whether the stop was supported by sufficient probable cause depends entirely on whether the officers did in fact observe Mr. Lazo commit one or more traffic infractions. If you find that they did, then the stop itself was valid and you should render a verdict in favor of the Defendants. If you find that they did not, then you may find that the car stop and everything flowing from it constituted an unlawful arrest and render a verdict for the Plaintiffs on this claim.

## CLAIM TWO – EXCESSIVE FORCE

Plaintiffs also claim that all Defendants, except Officer Link and Detective Talt, violated Kenny Lazo's Fourth Amendment rights by using excessive force while effectuating his arrest. Defendants deny that they used excessive force. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. The use of force is a seizure. A Police officer may use reasonable force in seizing a person, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when being arrested.

Every person has the right not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence

in this case establishes that there was some forcible contact between Mr. Lazo and the Defendants

would not be sufficient by itself to demonstrate that the Defendants violated Mr. Lazo's

constitutional rights. On the other hand, you may find that, under the circumstances, the Defendant

officers' use of force to subdue Mr. Lazo constituted unreasonable and excessive force, which

would render the Defendants liable.

The question before you is whether the actions of the defendant police officers on April 12,

2008 were objectively reasonable, meaning what a reasonably prudent police officer would have

done under similar conditions in light of the facts and circumstances confronting the officers.

You are to make this determination without regard to the police officers' underlying

subjective intent or motivation. That means that "evil intentions" will not be considered excessive

force if the force used was in fact reasonable. On the other hand, an officer's good intentions will

not make the use of excessive force constitutional. The reasonableness of a particular use of force

must be judged from the perspective of a reasonable police officer on the scene, rather than with the

20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should

consider the facts and circumstances as you find them to be, including the severity of the offenses

at issue, whether Mr. Lazo posed an immediate threat to the safety of the police officers or others,

and whether Mr. Lazo was actively resisting arrest at the time the alleged excessive force was

applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even

if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive

force. The concept of reasonableness makes allowance for the fact that police officers are often

forced to make difficult split-second judgments in circumstances that are sometimes tense,

Case 2:09-cv-01023-ST   Document 160   Filed 08/11/23   Page 20 of 56 PageID #: 2934

Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the Defendants' use of force was reasonable, you must return a verdict for the Defendants. If you find that the Defendants' use of force was unreasonable, your verdict must be for the Plaintiffs. In that case you must then determine whether Mr. Lazo's injuries were proximately caused by the Defendants' use of excessive force.

In sum, if you find that the Plaintiffs have established, by a preponderance of the evidence, that the defendants used excessive force in placing Mr. Lazo under arrest, the Plaintiffs are entitled to recover from the Defendants for the injuries and damages caused by the excessive force.

However, if you find that the Plaintiffs have failed to establish, by a preponderance of the evidence, either that the Defendants used excessive force in effecting the arrest, or that the excessive force caused Mr. Lazo's injuries, then your verdict will be in favor of the Defendants.

## CLAIM THREE – FAILURE TO INTERVENE

In addition to claims of excessive force, Plaintiffs assert that Defendants failed to intervene to stop the excessive force despite having opportunity to do so. For Plaintiffs to succeed on their failure to intervene claim against Defendants John Newton, James Scimone and/or William Judge, they must prove by a preponderance of the evidence all three of the following elements: (1) that Mr. Lazo was subjected to excessive force or other violations of his federally protected rights; (2) that one or more of the named defendants knew that Mr. Lazo's protected rights were being violated; and (3) that one or more of the named defendants had a "realistic opportunity to intervene" but failed to do so.

If you find that one or more of the named defendants were liable for any injuries that you conclude were a proximate result of their failure to intervene in the unlawful seizure, use of

Case 2:09-cv-01023-ST  Document 160  Filed 08/11/23  Page 21 of 56 PageID #: 2835

Jury Instructions
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

excessive force or other violation of Mr. Lazo's constitutional rights, you must find for Plaintiffs. If you find that Plaintiffs have not proved any of these three elements with respect to a particular defendant, then your verdict will be for that defendant. In other words, Plaintiffs must prove every one of these three elements.

Second, Plaintiffs must show that Defendants observed, or had reason to know that excessive force was being used. Third, you must determine whether the Defendant officers had a realistic opportunity to intervene. In making this observation you may consider, among other things, the amount of time the Defendants observed the use of force and whether the officer was realistically capable of preventing the harm caused by the excessive force. Ultimately, you must determine whether, in light of all the evidence presented to you, each Defendant had an opportunity to intervene to stop the use of force but failed to do so. If you find that all three elements are satisfied with respect to any of the named Defendants, then you must find in favor of Plaintiffs against that Defendant. However, if you find that Plaintiffs failed to show even one of these elements, then you must find for Defendants.

### CLAIM FOUR – DENIAL TO TIMELY AND ADEQUATE MEDICAL CARE

Plaintiffs also allege Mr. Lazo was denied his right to adequate medical care. Because persons in custody must rely on police authorities to treat their serious medical needs, the Government has an obligation to provide necessary medical care to them. However, a person in custody does not have the right to choose his medical treatment, as long as he receives adequate treatment.

The Due Process Clause imposes an obligation upon the government to provide medical care to persons, such as Mr. Lazo, who have been injured while being apprehended by the police. A

police officer's deliberate indifference to the serious medical needs of a person who has been injured while being arrested violates the individual's right to due process of law.

In this case, Plaintiffs allege that the individual defendants, and the County of Suffolk violated the Fourteenth Amendment to the United States Constitution by showing deliberate indifference to Mr. Lazo's serious medical needs. Plaintiffs claim that in failing to ensure that Kenny Lazo was immediately transported to a hospital emergency room to be treated for his apparent injuries to his head and face, the Defendant police officers violated the rights of Mr. Lazo.

Specifically, Plaintiffs claim that while Mr. Lazo was taken into custody by the Suffolk County Police Department he was not taken to obtain medical treatment, but was transported to the Suffolk County 3rd Precinct where he sat until emergency services were called due to his medical condition. Plaintiffs claim that the individual defendants were deliberately indifferent to Mr. Lazo's injuries that he suffered during the arrest. However, Defendants have denied that they were deliberately indifferent to Mr. Lazo's medical needs.

To establish their claim under the Fourteenth Amendment, there are two components that the Plaintiffs must prove by a preponderance of the evidence:

> First, the alleged deprivation of adequate medical care for Mr. Lazo's injuries that he suffered during the arrest were sufficiently serious.

> Second, the police officials involved acted with deliberate indifference to Mr. Lazo's serious medical needs.

The first element asks whether the alleged medical condition was sufficiently serious, and is in itself twofold. First, you must consider whether Mr. Lazo was actually deprived of adequate medical care for his injuries that he suffered during the arrest. The standard for determining the adequacy of medical care is reasonableness—that is, the police official's duty is to provide reasonable care. Thus, if you find that the defendant's medical care was reasonable in

Case 2:09-cv-01023-ST    Document 160    Filed 08/11/23    Page 23 of 56 PageID #: 2937
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

response to Mr. Lazo's medical need, then you must return a verdict in favor of that defendant. If

you find that the defendants did not provide medical care or that it was unreasonable in response to

Mr. Lazo's need, you must then determine under this first component whether the inadequacy in

medical care was sufficiently serious.

A serious medical need under the constitution is a condition of urgency, one that may

produce death, degeneration or extreme pain. A person's medical needs are also considered

"sufficiently serious" if the failure to treat his or her condition could result in further significant

injury or the unnecessary and wanton infliction of pain.

The second component that the Plaintiffs must prove is that the involved defendant(s)

whose acts or omissions you are considering must have acted with deliberate indifference to Mr.

Lazo's serious medical needs. Deliberate indifference means that Plaintiffs must prove that the

defendant knew that failing to provide medical treatment would pose a substantial risk to Mr.

Lazo's health or that the defendants should have known that failing to provide the omitted medical

treatment would pose a substantial risk to his health.

If you find that while Mr. Lazo was being arrested he suffered physical injuries that

required medical attention, that his medical needs were "sufficiently serious," and that any of the

Defendants failed to arrange for such needed medical attention through deliberate indifference, then

you must return a verdict for Plaintiffs on this claim.

## CLAIM FIVE – MUNICIPAL LIABILITY

Suffolk County can only be held liable for its police officers' actions if those actions result

from Suffolk County's custom, practice or policy. To succeed on this claim, Plaintiffs must show

(1) the existence of a policy or custom, and (2) a causal connection between the policy and the

deprivation of Mr. Lazo's constitutional rights; and (3) the policy makers of Suffolk County either

approved or were deliberately indifferent to the custom or practice.

A policy or custom need not be explicitly written out or codified. A custom may exist where there is a "practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware" or where there is a "failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees."

To show deliberate indifference through failure to supervise, a plaintiff must establish "only that a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious . . . and the policymaker's failure to investigate or rectify the situation evidence deliberate indifference, rather than mere negligence or bureaucratic inaction." A county police commissioner is generally considered a policymaking official.

Plaintiffs claim that Suffolk County allowed police to be unaccountable for their actions and fostered a policy, pattern, practice, or custom that manifest itself in: (1) the failure to effectively track and monitor citizen complaints and use of force incidents in an effort to identify patterns, practices, and trends that may give rise to foreseeable constitutional harm; (2) instances of similar written reports authored by accused officers indicative of collusion and a tainted investigative process; (3) the failure to formally interview accused officers and witnesses in lieu of, or in addition to, a written report which is oftentimes concise and remarkably similar amongst the officers from whom those reports came; and (4) the failure to conduct a comprehensive and independent use of force investigation incident to Mr. Lazo's death.

The Defendant Suffolk County may be found liable for failing to act to prevent a

violation of Mr. Lazo's federally protected rights only if you find that its failure to act was the result of its deliberate indifference. This occurs when it is shown that Suffolk County failed to take action even though the need to act was obvious and the failure to act would very likely result in violations of federally protected rights.

### THIRD ELEMENT – PROXIMATE CAUSE

The third element that the Plaintiffs must prove under Section 1983 is that the Defendants' acts were a proximate cause of injuries sustained by Mr. Lazo. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the act.

In order to recover damages for any injury, the Plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendants. If you find that the Defendants have shown that the Plaintiffs complain about an injury which would have occurred or existed even in the absence of Defendants' conduct, you must find that the Defendants *did not* proximately cause the injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable to a plaintiff if such plaintiff's injury was caused by a new or independent source which intervenes between the defendant's acts, or omissions, and which produces a result which was not reasonably foreseeable by the defendant.

## STATE LAW CLAIMS

## CLAIM SIX – NEW YORK STATE WRONGFUL DEATH

Plaintiffs have also brought an action under New York State Law for the Wrongful Death of Kenny Lazo, Sr. While some of the same proof may be relied on to establish this claim and it may seem like some of the other claims in this matter, it is a claim that stands on its own and must be decided by you. This claim, like the others, is brought by the representatives of the Estate of Kenny Lazo Sr. The elements of this Wrongful Death claim, in other words what the Plaintiff must prove, are as follows: (1) That a death has occurred; (2) Caused by the wrongful conduct or default of Defendant or Defendants; (3) Giving rise to a cause of action which could have been maintained, at the moment of death, by decedent if death had not ensued; (4) Survival by distributees who have suffered pecuniary (i.e. monetary) loss by reason of the death; and (5) Appointment of a personal representative of decedent.

I instruct you that the first and fifth elements are not in dispute in this case. Accordingly, you need only concern yourselves with the second, third and fourth elements. If, based on the evidence in this case you find that the Plaintiffs have proven the second, third and fourth elements then the Plaintiffs have satisfied their burden in this cause of action. If, on the other hand you find that Plaintiffs have failed to prove any one of those three elements then Plaintiffs have not met their burden and your verdict on this cause of action would be for Defendants.

## CLAIM SEVEN – NEW YORK STATE BATTERY

Plaintiffs have also brought claims of battery against Defendants Newton, Scimone, Judge, Talt, and Link (the named Defendants). Specifically, Plaintiffs claim that Defendants committed a battery when they wrongfully beat Mr. Lazo and subjected him to an unwanted strip search following his false arrest. Defendants deny these allegations.

This claim is a bit complicated because three different legal standards apply in this case depending on the Defendant you are considering and the factual determinations you make with respect to the lawfulness of Kenny Lazo's arrest.

Under New York law, the traditional definition of battery is: One who in an offensive manner touches the person of another, without his consent and with the intention of causing offensive bodily contact to such other person, commits a battery and is liable for all damages resulting from his or her act. An offensive contact is one which offends a reasonable sense of personal dignity. Under this standard, battery can occur even if the contact is slight. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result. I emphasize that the intent which is an essential element of this cause of action is intent to make contact, not intent to do injury.

To sustain a battery claim, Plaintiffs must establish that the Defendants intentionally and wrongfully engaged in physical contact with Mr. Lazo without Mr. Lazo's consent. If you determine that the arrest of Mr. Lazo was unlawful, then any touching of his person other than in self-defense amounts to battery regardless of whether the force would be deemed reasonable if applied during a lawful arrest, and you should award Plaintiffs any damages that were proximately caused by that battery.

However, if you determine that Mr. Lazo's arrest was lawful (i.e. supported by probable cause), then a different legal standard applies to the officers involved in his arrest – Defendants Newton, Judge, Scimone and Talt. Specifically, under New York law a police officer, in the course of effecting or attempting to effect a lawful arrest, of a person he/she reasonably believes to have

27

committed an offense, may use physical force when and to the extent he or she reasonably believes

such to be necessary to effect the arrest, or to prevent the escape of the suspect, or in self-defense or

to defend a third person from what he or she reasonably believes to be the use or imminent use of

physical force.  Thus, a police officer effecting a lawful arrest can only be held liable for battery if

the force used was excessive. *This standard closely mirrors the federal standard for excessive force for which I have previously instructed you.*

   With respect to Defendant Link, who was not involved in the arrest, a different standard

applies regardless of whether you find the arrest of Kenny Lazo to be unlawful.  Officer Link,

because he was a police officer charged with the duty of guarding a prisoner in a detention facility

and while in transit to a detention facility, was allowed to use physical force when and to the extent

that he reasonably believed such to be necessary to prevent the escape of Mr. Lazo from custody.

Thus, you may find Officer Link liable for battery only if you determine that he used force that was

not reasonably necessary.

   In these battery claims, you must determine whether force was used by the Defendants and,

if so, whether that force was reasonably believed to be necessary.  In making that decision, you

must take into consideration all of the circumstances confronting the Defendants at the time and

place of the incident, including what they saw and heard and all of the circumstances surrounding

this dispute.  If you find that the Defendants used force but no more force than they reasonably

believed to be necessary, then the Defendants committed no battery.

   On the other hand, if you find that Plaintiffs have established by a preponderance of the

evidence that Defendants used force and it was more force than they reasonably believed to be

necessary, then they committed a battery, and you should award Plaintiffs any damages that were

proximately caused by that battery.

## CLAIM EIGHT – NEW YORK NEGLIGENCE

Plaintiffs have also brought claims of negligence against Defendants Newton, Scimone, Judge, Talt, Link and the County of Suffolk. Plaintiffs claims that Defendants Newton, Scimone, Judge, Talt, Link and the County of Suffolk were negligent when they failed to hire, supervise, discipline and investigate the Defendant Officers involved in the wrongful beating on April 12, 2008.

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the result of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable, but injury as a result of negligent conduct must be not merely possible, but probable. There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of their conduct, or act reasonably in the light of what could have been foreseen.

In this case, Plaintiffs claim that the defendants violated internal regulations or procedures. If you find that the defendants violated the police department's own regulations or procedures, you may consider the violation as some evidence of negligence, along with the other evidence in the

case, provided that such violation was a substantial factor in bringing about the occurrence.

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect on producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. Where the independent and negligent acts or omissions of two or more parties cause injury to another, each of those negligent acts or omissions is regarded as a cause of that injury provided that it was a substantial factor in bringing about that injury. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

## RESPONDEAT SUPERIOR

With respect to Plaintiffs' state law claims of Wrongful Death, Battery and Negligence, Plaintiffs also seek to hold the County of Suffolk responsible for the actions of Defendants Newton, Scimone, Judge, Talt and Link. An employer is responsible for the act of its employees if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether Newton, Scimone, Judge, Talt and Link were acting in the furtherance of the County of Suffolk and SCPD's business and in the scope of their authority, you may include the nature of their work, and whether it was Newton, Scimone, Judge, Talt and Link's responsibilities to investigate, detain, and arrest persons who were alleged to have committed crimes, and interact and have contact with such persons after the arrest including during transportation to the police precinct for processing and within the precinct itself.

Case 2:09-cv-01023-ST Document 160 Filed 08/11/23 Page 31 of 56 PageID #: 2945
Gonzalez et al v. County of Suffolk et al.
August 9, 2023
Court Exhibit 1

If you find that either Newton, Scimone, Judge, Talt and/or Link caused injury to Mr. Lazo while acting within the scope of their authority and in furtherance of Defendant's business, then defendant County of Suffolk is legally responsible for their conduct.

Here, the parties agree that the individual defendants were acting within the scope of their employment. Thus, if you find that one or more of the individual defendants violated state law, then your verdict will be against the County on those state law claims as well. I reiterate that even though you find that its employees' acts were reckless or intentional the County of Suffolk is nonetheless responsible for Plaintiffs' damages if you find that one or more if its employees was acting in furtherance of its business and within the scope of their authority.

## PART III: DAMAGES

## COMPENSATORY DAMAGES

Having completed my instructions to you in the issue of liability, I will now instruct you on the law of damages.

If you find that the Plaintiffs are entitled to recover against any of the Defendants, then you will have to determine the amount of damages which will fairly and justly compensate him for those injuries which you find that he has proven by a preponderance of the credible evidence to have sustained as a result of the federal Section 1983 violation and/or state law claims. These are called compensatory damages.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial. You shall award damages only for those injuries that you find Plaintiffs have proven by a preponderance of the evidence. Moreover, you may not simply award damages for *any* injury suffered by Mr. Lazo —you must award damages only for those

injuries that are a proximate result of conduct by the Defendants that violated Mr. Lazo's federal rights under color of law or applicable state law.

It is your sole and exclusive function to determine the sum of money, if any, which will justly and fairly compensate the Plaintiffs for the injuries and damages you find, based on the evidence, that they sustained as a consequence of the conduct of the Defendants. If you find for the Plaintiffs with respect to their claims, you should award them a sum of money that will compensate them for any injury Mr. Lazo sustained, his loss of ability to enjoy life, and emotional anguish, personal humiliation, and personal indignity and fear suffered by them and proximately caused from the act for which you find liability was established.

That I'm giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for the Plaintiffs. That's entirely up to you. I must charge you on the law of damages in the event that you, in your deliberations, find that the Plaintiffs are entitled to recover. In instructing you on damages, I am not expressing any views one way or the other as to whether Plaintiff should recover in this case.

Within the category of Compensatory Damages, Plaintiffs also specifically seek damages for wrongful death and conscious pain and suffering. As you have heard, the Plaintiffs, Jennifer Gonzalez and Patricia Gonzalez, are the representatives of the estate of Mr. Lazo. Plaintiffs make three specific claims for damages: the first claim seeks damages for the estate resulting from the death of Kenny Lazo, the second claim seeks damages for the estate for injuries suffered and losses sustained by Kenny Lazo before he died, and the third claim seeks damages for monetary losses suffered by the Plaintiffs as a result of Mr. Lazo's death.

You must separately consider each of these claims. As to the first claim, damages are the amount that you find to be fair and just compensation for the monetary losses resulting from

Kenny Lazo's death to each of the persons for whom this claim is brought. That person is Kenny

Lazo Jr., the son of Kenny Lazo, Sr. Jennifer Gonzalez and Patricia Gonzalez, who claim that they

have sustained monetary loss as a result of Kenny Lazo, Sr.'s death. Specifically, they claim

monetary loss in the amount of burial and funeral expenses for Mr. Lazo.

The law limits damages resulting from Kenny Lazo, Sr.'s death to monetary injuries. You

may not consider or make any award for sorrow, mental anguish, injury to feelings, or for loss of

companionship in this cause of action. You must decide the monetary losses to Plaintiffs caused

by Kenny Lazo, Sr.'s death on April 12, 2008. In deciding the amount of monetary losses, you

should consider the character, habits and ability of Kenny Lazo, Sr.; the circumstances and

condition of Kenny Lazo, Jr., the services that Kenny Lazo, Sr. would have performed for him; the

portion of his earnings that Kenny Lazo, Sr. would have spent in the future for the care and

support of Kenny Lazo Jr.; the age and life expectancy of Kenny Lazo, Sr.; the ages and life

expectancies of Kenny Lazo, Jr.; and the value of the intellectual, moral, and physical training,

guidance and assistance that Kenny Lazo, Sr. would have given the child had Kenny Lazo, Sr.

lived.

You should also consider the amount, if any, by which Kenny Lazo, Sr., if he had lived,

would have increased his estate from his earnings and thus added to the amount that would have

been inherited from him, provided that you find that Kenny Lazo, Jr. would have been alive to

inherit from him had Kenny Lazo, Sr. not died on April 12, 2008. Kenny Lazo, Sr. was, at the

time of his death 24 and, according to the life expectancy tables, had a life expectancy of 51.30

years. The child was 5 years old at the time of Mr. Lazo's death and had a life expectancy of 70.62

years. Life expectancy tables are simply statistical averages. A person might live longer or die

sooner than the time indicated by those tables.

The figures I just mentioned are not controlling but may be considered by you together with the evidence you heard concerning the health, habits, employment and activities of Kenny Lazo, Sr. prior to his death and those of Kenny Lazo, Jr. in determining what their respective life expectancies were at the time Kenny Lazo, Sr. died. You must decide what portion of his earnings Kenny Lazo, Sr. would have spent for the care and support of Kenny Lazo, Jr.

In making your decision, you must consider: the amount Kenny Lazo, Sr. earned per (week, month, year) prior to his death; the part of those earnings that Kenny Lazo, Sr. contributed to the care and support of each of the distributees and the pattern of those contributions; the position that Kenny Lazo, Sr. had with his employer at the time that he died; his prospects for advancement and the probabilities with respect to his future earnings; the risks of his occupation; the condition of his health and the length of time that he would reasonably be expected to continue working. As to this last factor, the work expectancy of Kenny Lazo, Sr. was, according to work expectancy tables, of 34.3 years. That figure, like the life expectancy figures I mentioned earlier, is only a statistical average and is furnished simply as a guide. In determining what portion of his available earnings Kenny Lazo, Sr. would have applied in the future to the care and support of his children, you should consider that Kenny Lazo, Sr. was not legally obligated to contribute to the support of any child who became 21 years old. However, Kenny Lazo, Sr. could have stopped supporting a child under 21 who [e.g., became self-supporting] or could have decided to continue to support a child who was older than 21. If, on the evidence, you deem it reasonably probable that any of the children would have [e.g., become self-supporting] prior to age 21, or that Kenny Lazo, Sr. would have contributed to the support of any of them beyond age 21, you may use as the date of termination of support of that child a date which is earlier or later than 21 as you deem proper.

As I stated before, it is the monetary value of Kenny Lazo, Sr. to each of the distributees

that you must decide. That value is incapable of exact proof. Taking into account all the factors I have discussed, you must use your own common sense and sound judgment based on the evidence in deciding the amount of the monetary loss suffered by each of the distributees. The amount you award for monetary losses sustained by each of the distributees must represent the full amount of such losses without reduction to present value. You must also decide the period of years for which that amount is intended to provide compensation. You would make a separate award for those reasonable expenses for Kenny Lazo, Sr.'s funeral and burial lot and those that were ([where appropriate] paid by the family) for medical aid, nursing and other care required to treat Kenny Lazo, Sr.'s injuries.

The second claim seeks damages for any injuries and pain and suffering Mr. Lazo suffered prior to his death.

Finally, let me caution you against awarding a double recovery. I have said that, if you return a verdict for the Plaintiffs, you must award them such sum of money as you believe will fairly and justly compensate them for any damage or injury you believe Mr. Lazo actually sustained as a direct result of the unconstitutional conduct. In this case, the plaintiffs bring multiple claims against multiple defendants. You must remember that, in calculating the damages, the plaintiffs are entitled to be compensated only once for the damages Mr. Lazo actually suffered. Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if more than one defendant is responsible for the violation. In addition, if you find liability on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury. On the other hand, if you find liability on more than one claim, and you find that more than one claim produced

different injuries, then you may award compensation for the different injuries.

## CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find the Plaintiffs have proven, by a preponderance of evidence, to have been the proximate result of conduct by the Defendants in violation of Section 1983 and/or applicable state law.  You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights, and on the other hand, the existence of injuries and/or damages naturally resulting from that violation.  Thus, even if you find for the Plaintiffs on their claims of false arrest and excessive force, you must ask yourself whether the Plaintiffs have proven, by a preponderance of the evidence, that the violation caused the damages that they claim to have suffered, and award damages only on the damages caused by those violations. Also, if you find that Plaintiffs' injuries were the result of conduct by the Defendants that was partly constitutional or partly unconstitutional, you must award damages only for such portion of the injuries attributable to the unconstitutional conduct.  However, if you are unable to separate the two, then you must award damages for the entirety of the injuries.

## PUNITIVE DAMAGES

Whether or not you award the Plaintiffs actual damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the Plaintiffs punitive damages if you find that the acts or omissions of the Defendants were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.  Plaintiffs have the burden

of proving, by a preponderance of the evidence, that Defendants acted maliciously or wantonly with regard to the rights of Kenny Lazo.

If you find by a preponderance of the credible evidence that the Defendants acted with malicious intent to violate Kenny Lazo's federal rights or unlawfully injure him, or if you find that Defendants acted with a callous or reckless disregard of Mr. Lazo's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether Defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent these Defendants from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which Defendants should be punished for any wrongful conduct, and the degree to which an award of one sum or another will deter

Defendants or persons like them from committing wrongful acts in the future if you indeed find they have committed them.

## PART IV: DELIBERATIONS

Now that I have outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

### SELECTION OF A FOREPERSON

When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. His or her opinion and vote are entitled to no greater weight than that of any other juror.

### DUTY TO DELIBERATE

In order to prevail on a claim, the Plaintiffs must sustain their burden of proof as I have explained to you with respect to each element of their claims. If you find that the Plaintiffs have succeeded, you should return a verdict in their favor. If you find that the Plaintiffs failed to sustain their burden on any element of the claims, you should return a verdict for the Defendants on those claims.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the evidence with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to

prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### RIGHT TO SEE EVIDENCE

You are about to go into the jury room and begin your deliberations. During those deliberations you may have any of the testimony read back to you. Please remember that it is not always easy to locate the testimony you might want, so be as specific as you possibly can in requesting portions of the testimony. Please provide the name of the witness and describe the subject of the testimony you would like read back. We will send the exhibits that were admitted into evidence into the jury room so that you may consider them during your deliberations.

### COMMUNICATIONS WITH THE COURT

Any communications with the court, including your requests for exhibits or testimony, should be made to me in writing, dated and signed by your foreperson. To send this to the Court, you will ring a buzzer in the jury room which my Clerk will show you and, once my Clerk arrives, give the note to her. Do not tell, or otherwise indicate to, me, my Clerk, or anyone else how the jury stands on any issue until after a unanimous verdict is reached. You will receive a copy of these instructions.

### COMMUNICATION WITH OTHERS

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, except among your fellow jurors in the jury room. You may

not use any electronic device or media, such as a telephone, a cell phone, smart phone, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, SnapChat, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

## RETURN OF VERDICT

I have prepared a verdict form for you to use in recording your decision. On the verdict form, there are spaces to indicate your verdict on the Plaintiffs' claims against the Defendants and, if necessary, to include damages amounts to be awarded. You must return a verdict on the claims. Your verdict must be unanimous and must reflect the conscientious judgment of each juror. The foreperson should record the unanimous decision of the jury by checking the appropriate boxes on the verdict form and initial each mark.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. Your foreperson will fill in the verdict sheet that has been given to you, sign and date it, and advise my Clerk, upon ringing the buzzer, that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## CONCLUSION

Your oath, that is the oath you took at the beginning of your service, sums up what your duties are – that is, that you will well and truly try the issues before the court and between the parties according to the evidence that has been given to you and according to the laws of the United States.  The Court thanks you for your commitment to that oath as you deliberate.

TESTIMONY REQUESTS

Timothy J. Longo Testimony
   "Legality of tracking and
   stopping the car"

"Traffic stops in general"

William Judge
   "Elbow strike to Newton"

John Newton
   "Talking to Lazo and elbow
   strike"

James Scimone
   "Elbow to Newton"

Eryn Bohnuer

COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.#
DATE:
PENGAD 800-631-6989

QUESTION:

Can you please clarify
this statement:

"Giving a rise to a cause of
action which could have been
maintained, at the moment
of death, by decedent if death
had not ensued"

Eryn Bohnleber

COURT'S
EXHIBIT NO. 3
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____
PENGAD 800-631-6989

We have a verdct.

Guy
Enjo Bohleber

**COURT'S**
EXHIBIT NO. ___4___
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

Are we allowed to make
a statement in addition
to the verdict?

_Terry_
Eryn Bohleber

**COURT'S**
EXHIBIT NO. _5_
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

PENGAD 800-631-6989

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-administrators
of the Estate of KENNY LAZO,

                Plaintiffs,

      -against-

COUNTY OF SUFFOLK, *et al.*,

                Defendants.

-------------------------------------------------------------------------------X

**Docket No.: CV-09-1023 (ST)**

**JURY VERDICT SHEET**

## LIABILITY AND DAMAGES

False Arrest:

1.     Do you find that Plaintiffs have proven by a preponderance of the evidence that any

of the Defendants unlawfully arrested Kenny Lazo on April 12, 2008?

| | | |
|---|---|---|
| JOHN NEWTON | YES ___✓___ | NO_____ |
| JAMES SCIMONE | YES ___✓___ | NO_____ |
| WILLIAM JUDGE | YES ___✓___ | NO_____ |
| CHRISTOPHER TALT | YES _____ | NO___✓___ |

If your answer to Question 1 is "Yes" as to any Defendant, you have found a

verdict in Plaintiffs' favor with respect to their unlawful arrest claims.  If the answer to Question 1

is "No" as to each of the Defendants, you have found in favor of the Defendants on this claim.

Please proceed to Question 2.

1

COURT'S
EXHIBIT NO. 6
IDENTIFICATION/EVIDENCE
DKT.#
DATE:

Excessive Force

2.    Do you find that Plaintiffs have established, by a preponderance of the evidence, that any of the Defendants used excessive force in violation of Kenny Lazo's federal constitutional rights?

| | | |
|---|---|---|
| JOHN NEWTON | YES _____ | NO __✓____ |
| JAMES SCIMONE | YES __✓____ | NO_____ |
| WILLIAM JUDGE | YES __✓____ | NO_____ |

If your answer to Question 2 is "Yes" as to any Defendant, you have found a verdict in Plaintiffs' favor with respect to their excessive force claims, and you should proceed to Question 3. If the answer to Question 2 is "No" as to each of the Defendants, you have found in favor of the Defendants on this claim. Please proceed to Question 4.


Failure to Intervene

3.    Do you find that Plaintiffs have proven by a preponderance of the evidence that any Defendant, although having a realistic opportunity to do so, failed to intervene to prevent another Defendant from violating Kenny Lazo's constitutional rights?

| | | |
|---|---|---|
| JOHN NEWTON | YES __✓____ | NO_____ |
| JAMES SCIMONE | YES __✓____ | NO_____ |
| WILLIAM JUDGE | YES __✓____ | NO_____ |

Please proceed to Question 4.

2

<u>Deliberate Indifference to Provide Medical Care</u>

      4.    Do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants were deliberately indifferent in failing to provide Kenny Lazo with adequate medical care?

| | | |
|---|---|---|
| JOHN NEWTON | YES __✓__ | NO_____ |
| JAMES SCIMONE | YES __✓__ | NO_____ |
| WILLIAM JUDGE | YES __✓__ | NO_____ |
| CHRISTOPHER TALT | YES __✓__ | NO_____ |
| JOSEPH LINK | YES __✓__ | NO_____ |

      If you answered "Yes" to Questions 1, 2, 3 and/or 4, as to any Defendant please proceed to Question 5.  If not, please proceed to Question 6.


<u>Municipal Liability</u>

      5.    Do you find that Plaintiffs have proven by a preponderance of the evidence that the conduct of such Defendant(s) resulted from a custom, pattern, policy, or practice of the County of Suffolk?

      YES __✓__      NO_____

Regardless of your answer to Question 5, please proceed to Question 6.


<u>Wrongful Death</u>

      6.    Do you find that Plaintiffs have proven by a preponderance of the evidence that Kenny Lazo was subjected to Wrongful Death by any of the Defendants?

3

| | | |
|---|---|---|
| JOHN NEWTON | YES ✓ | NO_____ |
| JAMES SCIMONE | YES ✓ | NO_____ |
| WILLIAM JUDGE | YES ✓ | NO_____ |
| CHRISTOPHER TALT | YES ✓ | NO_____ |
| JOSEPH LINK | YES ✓ | NO_____ |
| COUNTY OF SUFFOLK | YES ✓ | NO_____ |

Regardless of your answer to Question 6, please proceed to Question 7.

<u>Battery</u>

7.   Do you find that Plaintiffs have proven by a preponderance of the evidence that one or more of the Defendants subjected Kenny Lazo to a Battery?

| | | |
|---|---|---|
| JOHN NEWTON | YES ✓ | NO_____ |
| JAMES SCIMONE | YES ✓ | NO_____ |
| WILLIAM JUDGE | YES ✓ | NO_____ |
| CHRISTOPHER TALT | YES _____ | NO ✓ |
| JOSEPH LINK | YES _____ | NO ✓ |
| COUNTY OF SUFFOLK | YES ✓ | NO_____ |

Regardless of your answer to Question 7, please proceed to Question 8.

<u>Negligence</u>

8.   Do you find that Plaintiffs have established by a preponderance of the evidence that one or more of the Defendants were negligent?

| | | |
|---|---|---|
| JOHN NEWTON | YES ✓ | NO_____ |

4

| | | |
|---|---|---|
| JAMES SCIMONE | YES ✓ | NO_____ |
| WILLIAM JUDGE | YES ✓ | NO_____ |
| CHRISTOPHER TALT | YES ✓ | NO_____ |
| JOSEPH LINK | YES ✓ | NO_____ |
| COUNTY OF SUFFOLK | YES ✓ | NO_____ |

If you have answered "Yes" to Questions 1, 2, 3, 4, 5, 6, 7 or 8, you have found a verdict in favor of the Plaintiffs and should proceed to Questions 9 and 10. If you have answered "No" to Questions 1, 2, 4, 5, 6, 7 and 8, you have found a verdict in the Defendants' favor on all claims. Please proceed to the end of the Verdict Form and have the foreperson sign it.

Compensatory Damages

9. What amount of damages have Plaintiffs established that Kenny Lazo or they have sustained as a result of one or more of the Defendants having violated the constitutional rights of Kenny Lazo?

$ 720,000 physical injuries

$ 1,500,000 conscious pain and suffering

$ 1,200,000 mental suffering, emotional distress, and psychological injury damages

$ 10,000,000 loss of enjoyment of life

$ 875,000 loss of earnings

$ 8,500 funeral and burial expenses

5

Punitive Damages

10.     In addition to any compensatory damages you have awarded Plaintiffs, which compensate them for damages they and Kenny Lazo actually suffered, do you find that one or more of the Defendants should pay punitive damages?  If so, please state the amount.

| | | |
|---|---|---|
| JOHN NEWTON | $ 4,000,000 | NO_____ |
| JAMES SCIMONE | $ 6,000,000 | NO_____ |
| WILLIAM JUDGE | $ 5,000,000 | NO_____ |
| CHRISTOPHER TALT | $ 3,500,000 | NO_____ |
| JOSEPH LINK | $ 3,000,000 | NO_____ |

You have completed your deliberations. The Foreperson should date and sign below. Then you should advise the Court that you have completed your deliberations.

Dated: Central Islip, New York
        August 10, 2023

Signed: _____
                Foreperson

6

QUESTION

For #6 who is removing the
clothing? Is this question
asking if Link ASKED Lazo to
remove his clothes or if Link
was the one to remove his
clothes? Also at what point?

Erin Bohleber

For #1 is there a time frame
in question?

COURT'S
EXHIBIT NO. __7__
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

Question:

Can you give us Defendants
Exhibit VVV please?

Erin Bohleber

COURT'S
EXHIBIT NO. _____ 8
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

The special verdict form is complete.

Erin

Erin Bonlefer

COURT'S
EXHIBIT NO. 9
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA GONZALEZ and JENNIFER
GONZALEZ, individually and as co-
administrators of the Estate of KENNY LAZO,

                    Plaintiffs,

              -against-

COUNTY OF SUFFOLK, SUFFOLK
POLICE DEPARTMENT, POLICE
COMMISSIONER RICHARD DORMER, in
his individual and official capacity, POLICE
OFFICER JOHN NEWTON, in his individual
and official capacity, POLICE OFFICER
JAMES SCIMONE, in his individual and
official capacity, POLICE OFFICER
WILLIAM JUDGE, in his individual and
official capacity, POLICE OFFICER
CHRISTOPHER TALT, in his individual and
official capacity, POLICE OFFICER JOSEPH
LINK, in his individual and official capacity,
COUNTY OF SUFFOLK OFFICE OF
DISTRICT ATTORNEY, SUFFOLK
COUNTY DISTRICT ATTORNEY THOMAS
SPOTA, in his individual and official capacity,
ASST. DISTRICT ATTORNEY JOHN B.
COLLINS, in his individual and official
capacity, and "JOHN AND JANE DOES 1-10"
representing as yet unknown and unidentified
members of the Office of the Suffolk County
District Attorney (all in their individual and
official capacities as employees of the Office
of Suffolk County District Attorney),

                    Defendants.



**AMENDED SPECIAL VERDICT
FORM**

**Docket No.: CV-09-1023 (ST)**

1

1. Did any police officer physically observe Mr. Lazo commit a vehicle and traffic law violation on April 12, 2008?

Yes _____   No __✓__

2. Did Mr. Lazo subject Detective Newton to contact with Mr. Lazo's elbow while on the passenger side of the blue Cadillac?

Yes _____   No __✓__

3. Did Mr. Lazo resist the officers' efforts to handcuff him and place him in custody?

Yes _____   No __✓__

4. Did Mr. Lazo attempt to move toward the highway, while engaged with the officers?

Yes _____   No __✓__

5. Did Mr. Lazo reach for Officer Judge's gun or place his hand on the holster?

Yes _____   No __✓__

6. Did Officer Link subject Mr. Lazo to a search by having him remove articles of clothing and reaching into his underwear?

Yes __✓__   No _____

Dated: Central Islip, NY
       August 10 , 2023

_____
FOREPERSON'S SIGNATURE